City of Denver *v.* Lobenstein et al.

1. If the plaintiff, in a bill in equity, replies to a plea of *res adjudicata,* he thereby admits the sufficiency of the plea, if true, and if upon the hearing, the plea, going to the whole bill, is sustained, the bill must be dismissed.

2. When a right has been judicially determined by a court of competent jurisdiction, the decree thereon, unless reversed, is conclusive upon the parties, and those in privity with them in law, or estate. This doctrine applies to decrees granting or denying injunctive relief, and is founded upon the maxim: *Interest rei publicæ ut sit finis litium.*

*Error to District Court of Arapahoe County.*

On the 14th of May, 1875, Lobenstein and others, the defendants in error, filed a bill in the probate court of Arapahoe county to restrain the city of Denver, plaintiff in error, from taking forcible possession of a certain lot of ground then owned and occupied by the defendants, but claimed by the city as a street. To this bill the plaintiff demurred, the demurrer was sustained ; subsequently on the 19th day of June, 1875, the defendants dismissed their bill.

On the 21st day of June, 1875, the mayor and certain of the aldermen of the city of Denver threatened unequivocally to take forcible possession of the same ground, and to use violence in so doing, if necessary, to tear down the defendants' improvements and to convert the ground into a public thoroughfare. On the 22d day of June, 1875, the defendants filed their bill in the district court of Arapahoe county to enjoin the plaintiff, its officers, servants, and agents, carrying these threats into execution. To this bill the plaintiff demurred, and filed a motion to dissolve. Upon argument the motion and demurrer were overruled, and the plaintiff required to answer the bill. Under the rule the plaintiff filed a plea of *res adjudicata,* setting up the decree of dismissal rendered in the probate court on the 19th day of June, 1875, as a bar. Issue

·was joined upon the plea and the case set down for hearing. Upon the hearing a decree was rendered in favor of the defendants in error in accordance with the prayer of the bill. To reverse this decree the plaintiffs have sued out this writ of error.

In this court, the defendants in error submitted that the plaintiff in error relied solely on the plea of *res adjudicata,* under the impression that the evidence in the record would support its plea, and also urged that :

"In equity as well as at law the proof must support the allegation. The plaintiff in error took upon itself the burden of showing, first, identity of the thing sued for; second, identity of the cause of action ; third, identity of persons and parties; fourth, identity of the quality of the persons. These four conditions are *concurrent.* The plea, without showing them, would have been faulty. The plea was sufficient. It then became absolutely imperative to prove the existence of these four concurrent conditions, and failing in any one of them the defense must necessarily fall.

The plaintiff in error failed to show the existence of the second condition, to wit : 'Identity of the cause of action.'

The decree set up in the plaintiff's plea was rendered upon a statement of facts alleged to have existed anterior to the 14th day of May, 1875. The facts upon which this bill is based did not arise until the 21st day of June, 1875, consequently the cause of action could not have been identical with that of the 14th of May previous.

The plaintiff in error undertook by its plea to make the decree rendered on June 19th operate as an estoppel to the maintenance of the action instituted June 22d, and which was based upon a different state of facts. A decree to operate as an estoppel must have been confined to matters in issue and decided. When the decree was rendered, that of which the defendants in error complain did not exist, and an estoppel cannot be created by mere argument or inference. While the facts in both cases may have been similar,

they were not the same. 'The best and most invariable test as to whether a former judgment is a bar is to inquire whether the same evidence will sustain both the present and the former action.' "

Mr. CHAS. S. THOMAS, for plaintiff in error.

Mr. E. P. HARMON, and Messrs. FRANCE & ROGERS, for defendant in error.

THATCHER, C. J.   This is a bill for an injunction to restrain the city of Denver from entering upon, taking possession, grading and converting into a public street in the city of Denver, lot number twelve, in the printing-house block, which said lot is alleged to be the property of the complainants in the court below, being defendants in error in this court. To this bill the defendants interposed a general demurrer, which was overruled, when, by leave of court, they filed the plea of *res judicata,* upon which the complainants then joined issue.   Upon the hearing the court rendered a decree in favor of the complainants, in accordance with the prayer of their bill. Under its plea, the city offered in evidence the record in a cause determined in the probate court of Arapahoe county, wherein the parties, complainants and defendant, were the same as in this suit, and wherein the complainants by their bill made substantially the same allegations, and prayed for the same relief, concerning the same premises.

To the former bill, the city demurred generally and specially, and moved the court to dissolve the preliminary injunction that had issued in the cause. The demurrer was sustained and the motion to dissolve allowed. Therefore the court, on complainant's motion, dismissed the bill at their costs.

Under the state of the pleadings in this suit the question, whether the dismissal of a bill unqualified by such words as "without prejudice" or the like, following upon the allowance of general and special demurrer, is a bar to a

future action, cannot arise.     The court is precluded. from
this inquiry.     The plea of *res judicata* was not set down
for argument, for the purpose of determining its sufficiency.
The complainants filed a replication to the plea, and thereby
admitted its sufficiency if true.

If the plaintiff reply to the plea, he thereby makes as full
an admission of its validity as if it had been allowed upon
argument; so that if the defendant, at the hearing, proves
his plea to be true, the bill must be dismissed." 1 Daniels'
Ch. Pl. and Pr. 695 ; Story's Eq. Pl., § 697 ; Mitford & Tay-
lor's Pl. and Pr. in Eq. 390; *Dows* v. *McMichael*, 6 Paige,
139; *Hughes* v. *Blake*, 6 Wheat. 472.

As the plea of *res judicata* goes to the whole bill, our
inquiry necessarily is directed alone to the consideration of
its verity.

Was the subject-matter of this bill adjudicated in a former
suit, by a court of competent jurisdiction, between the same
parties or their privies ?  To this extent alone under the
pleadings are we at liberty to inquire.     The parties are
identical.     The jurisdiction of the probate court in the for-
mer bill is not drawn in question.     In each bill the com-
plainants assert the same title to the premises as to which
injunctive relief is prayed.     The acts which the complain-
ants seek to restrain are the same in both suits.     By the
same right, to wit : certain proceedings of the city council
held on the 10th day of May, A. D. 1875, anterior to the
filing of the former bill, the city authorities claimed to act
in converting the lot into a street, as appears from the com-
plainants' own evidence.     But it is contended that after the
dismissal of the former bill, new threats similar to those
before were made by the city to do the very act which the
probate court had refused to enjoin it from doing ; that these
renewed threats constitute a different cause of action, and
that therefore the doctrine of estoppel does not apply.     In
other words, the complainants assert in effect, that if A files
a bill for an injunction against B to restrain him from cut-
ting grass or committing any other trespass upon the prem-

ises of A, and it is determined by such court at the hearing that A is not entitled to such relief, A is not estopped thereby from filing another bill at once for the same purpose, against the same party, if B still insists upon doing the act which the court refused to enjoin.

If this doctrine be sound, the stability of all decrees granting or denying injunctive relief is practically at an end. Litigation upon adjudicated points in such cases, between the same parties, may never cease.

The moment the right of a litigant to do, or not to do, a particular thing is judicially decided, he is at liberty to bring a new suit for the purpose of re-determining the same right between the same parties. The principle of the maxim upon which the doctrine of estoppel by judgment or decree is founded, viz. : *interest reipublicæ ut sit finis litium* is at variance with the theory of the complainants so ingeniously presented. The renewal of the threats to invade the same right of the complainants does not in any legal sense afford a distinct or different ground of action.

It is held to be a "principle lying at the foundation of all well-conducted jurisprudence, that when a *right* or a fact has been judicially determined by a court of competent jurisdiction, the judgment thereon, so long as it remains unreversed, shall be conclusive upon the parties, and those in privity with them in law or estate." *Sawyer* v. *Woodbury*, 7 Gray, 502.

Both bills present the same issue involving the same inquiry, viz. : the right of the complainants to enjoin the city from occupying and using a certain lot for street purposes. The right or title of the complainants to the relief sought being the issue determined by the allowance of the demurrer to the former bill, cannot be re-litigated by bringing another bill. The decree must be reversed and bill dismissed.

*Reversed.*