BREEZE, COUNTY TREASURER, ETC., V. HALEY.

1. General Statutes 1883, section 2825, and Session Laws 1885, page 317, section 1, vest the board of county commissioners with power almost unlimited to correct any errors that may occur in an assessment, either before or after the payment of taxes thereon, and an injunction will not issue to restrain the collection of a tax, at the suit of a property owner alleging that the assessor himself had assessed the property, on an excessive valuation, without giving him an opportunity to make a return.

2. Where no injury is caused by the delay, the failure of the assessor to complete the assessment for delivery to the county clerk by June 25th, the date fixed by General Statutes 1883, section 2856, will not render the tax invalid. Where the assessment was made out and delivered during the first meeting of the board of equalization in July, *held* to be a substantial compliance with the statute.

3. The fact that the weather, feed and market were unfavorable at the time the treasurer distrained the horses and cattle of the plaintiff for a tax is no ground for injunction to restrain the sale, especially when the plaintiff, by his conduct and requests for time, induced the delay to a season so unfavorable to an advantageous sale.

## *Appeal from District Court, Clear Creek County.*

THIS is an action brought by Ora Haley against Breeze, as treasurer of Routt county, to enjoin him from the collection of certain taxes assessed against the property of Haley. By his complaint Haley admits that he failed to make out and return a list of his property for taxation for the year 1884, and alleges that the assessor of the county called on his foreman in charge of his property for a list and return some time in May, but refused to wait until the foreman could make the same; but immediately made out and returned a list of his property, listing and charging him with nine hundred and sixty acres of land, assessed at a valuation of $2,880, while he had but six hundred and forty acres of land, and of the valuation of $1,920; with eight thousand two hundred head of cattle, assessed at a valuation of $163,000, while he had but six thousand three hundred head of cattle in said county, and of the valuation of $120,000; and with one hundred and sixty-five head of horses, assessed at a valuation of $6,845, while he had but one hundred and forty-one head of horses, and of the value of $4,935; that the assessor so wrongfully listed and assessed the property of the plaintiff for taxation knowing the same was wrong, and for the purpose of oppressing plaintiff, and for the same purpose had knowingly and wilfully omitted to list and assess other property in the county, for the purpose of making the taxes of plaintiff greater than his

just share thereof, and did thereby increase the amount of his taxes, and that one of the members of the board of county commissioners, as well as the defendant treasurer, well knew of the same; that no blank list for listing his said property had ever been left with him or his agent; that the assessor never took and subscribed the oath to his report of assessments; that the county clerk never gave any notice of the meeting of the board of county commissioners to act as a board of equalization in the year 1884; that the said board held no such meeting that year; that he filed with said board an application to correct the said list made and filed by the assessor as soon as he knew of it, and that the said board of county commissioners did not take any action upon the same, "inasmuch as there was only two commissioners qualified and acting as such in the said county of Routt, and they were divided, and continued to be divided," and that said application was never acted upon by the board of equalization; that the amount of taxes he is charged with for said year 1884 upon his said property is $4,248.59, but, on account of charging him with more property than he had in said county, and on account of omitting to list and assess other property in said county subject to taxation, he does not know what the amount of his just taxes are; that he had always been able and willing to pay the just amount; that the treasurer was making distraint of his said cattle and horses to make the said tax; that the weather was inclement, and very unfavorable to gathering or handling such stock, and of great damage to them; that there was a poor market for them; and asks for an injunction, etc.

A temporary injunction was ordered. A motion to dissolve injunction was made; and during the hearing, February 12, 1887, an amendment to the complaint was filed, alleging that no assessment roll or tax schedule, or list upon which to found a tax for 1884, was ever made or existed; that the only one ever made was then in pos-

session of John M. Breeze; that said Breeze was county attorney of Routt county; that the assessor made and returned no tax list or schedule whatever for 1884, listing the plaintiff's property for 1884.

Before the filing of this amendment defendant had answered, denying all the material allegations of the complaint, except that there is no response to the language in the complaint, "inasmuch as there were only two commissioners qualified and acting as such in the said county of Routt." So, at the hearing on the motion to dissolve, the treasurer showed that notice had been given of the meetings of the board of county commissioners as a board of equalization in July, 1884; that said board did so meet and hold its meeting as a board of equalization on the first Monday in July of 1884, and was in session as provided by the statute, and did hold its second meeting, commencing on the third Monday in July; that no change of the assessment of the property of plaintiff, as returned by the assessor, was made at the first meeting, and no complaint of the same was made at the second meeting.

On July 9 the following from plaintiff was filed:

"LARAMIE CITY, WYOMING, June 27, 1884.

" *To the Honorable Board of County Commissioners of Routt Co., Colo.:*

"DEAR SIRS — As I have not listed my Routt county property for taxation for the year of 1884, I consider it quite necessary for me to make an explanation and statement. I have not been to my Lay Creek ranch since the last of April. Neither have I heard anything from the assessor regarding it, and there has been no one at my ranch competent to list my property, my foreman being a new man there. There has been no blanks sent me here, and I have been unable to find any at this place, or at Rawlins, of the Colorado form; so, under the circumstances, all I can do at this late date is to make this statement, which I trust will take precedence over any

circulated reports from any prejudiced persons regarding my Routt county property.

"In addition to my property of 1883, I have three additional one-fourth sections of four hundred and eighty acres.

| | |
|---|---:|
| Improvements on same, $150 each.......................... ... | $450 |
| I have eleven yearling colts, $25 each......... ............... | 275 |
| I have sixteen hundred head more cattle, at $30............... | 48,000 |
| Additional improvements on public lands................. .. | 200 |
| | $48,925 |

"Trusting this, in addition to my assessment of 1883, may be satisfactory, I remain, most respectfully,

"ORA HALEY."

The list for the previous year referred to was not by plaintiff, but by the assessor, wherein it appears that three thousand five hundred head of horses and cattle only were listed, at a valuation of $42,000.

The next from plaintiff was of date October 3, 1884, and was received and filed October 6, 1884, and is as follows:

"RAWLINGS, WYO., October 3, 1884.

"*To the Hon. Board of County Commissioners' of Routt County, Colorado:*

"DEAR SIRS — Below please find sworn statement of my Routt county property as should have been listed for taxation on May 1, 1884, which I trust will receive your just consideration. I have land proofs for six hundred and forty acres only, which cost about $3 per acre; improvements on same not to exceed $650; improvements on school and other public lands, $500. I was the owner of one hundred and forty-one horses only, in the county, not worth more than $35 per head, and three mules. I did not have to exceed six thousand three hundred head of cattle in the county; wagons and farming implements, $300. Trust you will adjust this before the levy.

"Very respectfully,        ORA HALEY.

"Subscribed and sworn to before me this 3d day of October, A. D. 1884.        A. G. EDGERTON, J. P."

This is the application referred to in the complaint, and upon which it is said the commissioners were unable to agree, "inasmuch as there were but two," and were divided. The proof shows that on October 6, 1884, the board, two members being present, did consider the same, and agreed and decided that the list and assessment, as returned by the assessor, was correct, and the same was so entered at their meeting of October 6, 1884, on the records of the board. That in March, 1885, the treasurer attempted to collect this tax by distraint, but was temporarily restrained at the suit of plaintiff, which order was afterwards vacated and suit dismissed; and as late as October 7, 1886, the following was sent to plaintiff by the board:

[COPY.]                         " OCTOBER 7, 1886.
" Ora Haley, Esq., Laramie City, Wyoming:

" DEAR SIR — We have to say, in reference to the matter of your taxes, that we are unable to take any action in the matter of reduction of your taxes for the year 1884, for one main reason that you have no written application on file with our clerk for any reduction, and you are advised that you must pay your taxes, and then, if you desire any relief, you must furnish us with an application for reduction, accompanied by proof, in affidavits or witnesses produced before us, showing that you have been erroneously assessed for the year 1884. If your proof is sufficient to satisfy us that your claim for such reduction is just and proper, we will do justice by you in the matter. Please give the matter your attention at once, if you desire any relief of any kind from the board. We are compelled to make our rule for the disposal of these reduction and rebate cases uniform, and require all parties who feel aggrieved at their assessment to make such a showing here as would be sufficient to establish the merits of the claim. We think the board has full power to act in this matter, under section 2825, page 823, Revised Statutes of Colorado.

" Yours respectfully,          THOMAS H. ILES."

[Indorsed:] "2973. Affidavit of Thomas H. Iles, member board county commissioners, in support of motion to dissolve injunction of Ora Haley v. L. H. Breese, County Treas. Exhibit L."

This letter was duly received by plaintiff. The evidence showed that the assessor left a blank list or schedule for listing property of plaintiff with his foreman in charge, about the 15th day of May, 1884, and that he waited for a return of the same until the first meeting of the board in July. In the meantime, having made inquiries of persons informed, and who had been in plaintiff's employ, as to the amount of his property, at which time he filled out and delivered the list complained of; that no property liable to taxation had been omitted by him to his knowledge, nor to the knowledge of the board or the treasurer; no bad faith of any kind shown, while the evidence shows good faith on the part of the defendant and officers of the county. The evidence sustains the regularity of all the proceedings, except as to there being but two county commissioners acting on October 6, 1884. There is no evidence on this except Haley's statement that there were but two commissioners; that one of them had not qualified; and the other fact that the assessor waited till after June 25th before making his return of assessments. There is a great deal of evidence showing that it was a difficult matter to round up and sell stock at the time the treasurer attempted it; also evidence that plaintiff requested a delay till January 1, 1887, and that the treasurer declined to wait that long, but agreed to wait till November 20th; but proceeded to distrain about the last of November, 1886, and was stayed by the writ in this cause on December 13th. The evidence shows that the board of county commissioners were at all times willing and desirous to hear plaintiff, and receive proofs of any errors in the 1884 assessment, and to correct the same if found to be erroneous.

Messrs. D. E. PARKS and J. M. BREEZE, for appellant.

Mr. W. T. HUGHES, for appellee.

STALLCUP, C.   The injunction proceedings of the plaintiff cannot be maintained.   He has shown no equity to warrant the same.   He had a plain, adequate remedy for the correction of any errors in the enlistment and assessment of his property for the year 1884, by application to the board of county commissioners, sitting as a board of equalization, in July.   *People v. Lothrop*, 3 Colo. 465; *Price. v Kramer*, 4 Colo. 546; *State Railroad Tax Case*, 92 U. S. 575; Cooley, Tax'n, 536.

He has had, and still has, a plain, adequate remedy for any wrong that may have been done to him in the listing and assessing of his property for the year 1884, under the provisions of our statutes vesting the board of county commissioners with power almost unlimited to correct any errors that may occur in an assessment, either before or after the payment of taxes thereon. Sec. 2825, p. 823, Gen. St. 1883; sec. 1 of Act, p. 317, Sess. Laws 1885.

It was the plaintiff's duty, by himself or his agent, to make and return to the assessor a list of his property liable to taxation, by the 20th day of May, and upon his failure so to do, it became the duty of the assessor to make out such list for such delinquent.   Sec. 2841, p. 827, Gen. St. 1883.   The plaintiff failed in his duty in this regard, so the act of the assessor in listing and assessing the same was but the performance of his duty.   The plaintiff asserts that in so doing the assessor listed, charged and assessed him with more property than he owned in the county.   If so, he had a plain, adequate remedy under the statutes cited.   The plaintiff failed to apply to the board of equalization for a correction of errors in his assessment, and failed to make any satisfactory showing before the board of county commissioners, or to produce any evidence of errors in his

assessment; and even down as late as the October meeting of 1886, after solicitation on the part of the commissioners to produce evidence of errors, he failed to appear or to produce any evidence, and has constantly ignored the remedies provided for the wrongs of which he complains.

It is urged by counsel for plaintiff that, as the assessor did not complete plaintiff's assessment for delivery by June 25th, as provided by section 2856 of General Statutes, but did make it out and deliver it during the first meeting of the board in July, that it was thereby without validity. There was no injury caused by the delay, and we think there was a substantial compliance with the statute, so that its objects and purposes were sufficiently met. *Burlington & M. R. Co. v. Saline Co.* 11 N. W. Rep. 855.

It is also urged by plaintiff's counsel that it is admitted by the state of the pleadings that there were but two commissioners of the county at the time of the meeting, October 6, 1884. This was not alleged as a ground of complaint by plaintiff, and, in any event, only applies to the day mentioned, and, as it does not appear that the plaintiff's rights were in any manner prejudiced by the circumstances, it must therefore be treated as immaterial to the decision of this case.

The fact that the weather, feed and market were unfavorable at the time the defendant proceeded to distrain the horses and cattle of plaintiff for the tax seems to be relied upon as a ground for sustaining the injunction. The position is untenable. Besides, the plaintiff, by his conduct and requests, in a great measure induced the delay to this unfavorable time.

The injunction should be dissolved, and the order denying the motion to dissolve reversed.

RISING and MACON, CC., concur.

PER CURIAM. For the reasons assigned in the foregoing opinion the order of the district court denying the

motion to dissolve the injunction is reversed, and the cause remanded, with directions that the injunction be dissolved, and the cause dismissed.

*Reversed.*