[Civil No. 211.   Filed January 10, 1888.]

[S. C. 16 Pac. 271.]

F. W. BLAKE, Plaintiff and Respondent, v. ELLEN J. THORNE, et al., Defendants and Appellants.

1. MINES AND MINING—ESTOPPEL BY DEED—RELOCATION—PARAMOUNT TITLE.—A person conveying a mining claim is estopped to deny the validity of the location. Relocation by grantor on the theory that the original location is invalid void as against grantee. If grantee had failed to do assessment work a valid relocation could be made by grantor and paramount title acquired from the United States.

2. SAME—PLEADING—EVIDENCE—NECESSITY OF PLEADING AND PROVING VALID ORIGINAL LOCATION IN SUIT TO QUIET TITLE AGAINST ONE ESTOPPED TO QUESTION.—In a case where defendant is estopped to question the original location plaintiff claiming under it need not allege or prove its validity.

APPEAL from a Judgment of the District Court of the Third Judicial District in and for the County of Yavapai. W. W. Porter, Judge. Affirmed.

The facts are stated in the opinion.

Rush, Wells & Howard, for Appellants.

The District Court had no jurisdiction of the subject matter of the action. *Brandt* v. *Wheaton,* 52 Cal. 433; *Reed* v. *Omnibus R. R. Co.,* 33 Cal. 217-8; *Gregory* v. *Pershbaker,* 73 Cal. 109, 14 Pac. 404; *LeDoon* v. *Tesh,* 68 Cal. 44, 6 Pac. 97, 8 Pac. 621; *Cochrain* v. *Bullion Min. Co.,* 4 Nev. 372; *Funk* v. *Sterrett,* 59 Cal. 614; Rev. St. U. S. Secs. 2319, 2320, 2322, 2324 and 2325.

The court will take judicial notice of the fact that the fee to the lands in question is in the General Government. *Brandt v. Wheaton, supra.*

The citizen, to maintain an action, either for the possession or the fee, must aver a compliance with the requirements of the act upon which he bases his title. If he fails to do this,

he fails to state facts sufficient to constitute a cause of action, and the court does not acquire jurisdiction. See cases cited *supra.*

The court erred in finding as a conclusion of law, that the defendant as the grantee of Symes was estopped by the deed of Symes and others from showing that the premises in controversy were not located in accordance with the Act of Congress on the 4th day of June, 1870.

E. M. Sanford, for Respondent.

A mining claim is real estate for all purposes. *Milton* v. *Lambard,* 51 Cal. 260; *Merritt* v. *Judd,* 14 Cal. 64; *Meced Min. Co.* v. *Fremont,* 7 Cal. 318, 68 Am. Dec. 262; *Pratus* v. *M. Co.,* 35 Cal. 34; *Watts* v. *White,* 13 Cal. 324; *McKeon* v. *Bisee,* 9 Cal. 142; *Hughes* v. *Devlin,* 23 Cal. 506.

Although the ultimate fee in our public mineral lands is in the United States, yet, as between individuals, all transactions, and all rights, interests and estates in the lands are treated as being an estate in fee, and as a distinct and vested right of property in the claims or claimants thereof, founded upon the possession. They are thus treated, as between the claimants and all persons but the United States, as the owners of the lands and the mines therein. *Hughes* v. *Devlin,* 23 Cal. 501; *Spencer* v. *Winselman,* 42 Cal. 483. The defendant cannot defeat the plaintiff's right to recover by showing an outstanding title in the United States, *Wilson* v. *Madison,* 55 Cal. 7; *Mining Co.* v. *Taylor,* 100 U. S. 37; *Fuller* v. *Harris,* 29 Fed. 817. The rules relating to estoppel *in pais* apply to mining ground the same as any other real estate claimed under similar kinds of title. *Kelly* v. *Taylor,* 23 Cal. 15. Naturally estoppel by deed likewise applies. For the elements of such estoppel see, *Merchants Bank* v. *State Bank,* 10 Wall. 604; *Ketchum* v. *Duncan,* 96 U. S. 666; *Brandt* v. *Va. C. & I. Co.,* 93 U. S. 326.

It was only necessary for us to show a resumption of the work and the doing of the assessment work for 1884. It would not be subject to relocation as against Symes until

1886.   *Belcher* v. *Defferrari,* 62 Cal. 163; *Genn* v. *Russell,* 3 Mont. 358.

BARNES, J.—This was a bill to quiet the title to a mining claim. The claim in question was located by one Hutchison in 1879, and the notice was recorded. In August, 1882, Hutchison, Symes, and Thorne, by deed of quit-claim, conveyed this claim with others to the Silver Belt Company. Afterwards, plaintiff, Blake, became the purchaser of the claim by virtue of a judicial sale. The deed of the sheriff bore date April 27, 1886. The judgment was for $19,608.87, of date of July 26, 1884. In February, 1885, the said Symes located the ground as the Richmond mining claim, and in the same month he conveyed to defendant. It appears that work to the amount of $100 was annually done on the mine by the first locators, and those claiming under them, from the time of the first location.

It is contended that this judgment is erroneous, as there is no allegation or finding that the original location was properly made by discovery of ore, and placing monuments, etc., and that these facts are necessary to a good location. This proof, we think, was not necessary. Symes, by his deed to the Silver Belt Company, had made an implied covenant of his title. This title was based upon the Hutchison location. To that he gave faith and credit, and received the consideration for the sale of the same. This location, in 1885, was void, if the location of Hutchison was a valid location. He is estopped by his deed to deny the validity of the location upon which his title rested. Symes' after-acquired title by a location was good, only on the ground that the Hutchison location was not legally made; hence the title acquired by him by that location was not a subsequently acquired title from a paramount source. If Symes' grantees had failed to do assessment work, so called, he might have located and acquired a paramount title he is not estopped to set up. The United States was the common source of title, in whom was the fee. To allow locators of mining claims, or those holding under them, to be heard to deny the validity of their location,

and to attempt to acquire rights under the mining laws against those who buy titles on the faith of such locations, would destroy all credit in mining titles, upon which values running in the millions rest, (*Forbes* v. *Gracey,* 94 U. S. 762,) and open the doors to a flood of frauds. This cannot be thought of. Credit must be given to these titles by holding parties to good faith in dealing with them.

As between the parties, the title Symes conveyed must be held to be based upon a valid location. The United States are not a party to this cause, and are not barred by it. *Mining Co.* v. *Defferrari,* 62 Cal. 163; *Breeze Co.* v. *Haley,* 10 Colo. 5, 13 Pac. 913; *State Railroad Tax Cases,* 92 U. S. 617, and cases cited. The judgment is affirmed.

Wright, C. J., and Porter, J., concur.