## BREEZE, COUNTY TREASURER, v. HALEY.

| 11 | 351 |
| 20 | 383 |
| 11 | 351 |
| s20 | 379 |
| s13a | 428 |
| 13a | 430 |
| 13a | 431 |
| 13a | 435 |
| 13a | 438 |
| 11 | 351 |
| 27 | 48 |

1. In an action to enjoin the collection of taxes alleged to have been illegally assessed, the fact that the validity of the taxes in question had been fully adjudicated in a prior suit between the same parties, involving the same issues as the second suit, is a complete defense.

2. Such defense does not constitute new matter, and may properly be set up by answer, although the complaint in the second suit sets up some additional grounds for relief, when such grounds existed at the time of the former suit, and it is not alleged that they were then unknown to the plaintiff.

3. When the valid portion of a tax can be easily distinguished from the portion alleged to be invalid, and it has been neither paid nor tendered, the collection of the tax will not be enjoined pending a litigation which is to determine the validity of the disputed portion.

4. Where, on the hearing of a motion by defendant to dissolve an injunction, the record recites that plaintiff objected to the setting up of new or affirmative matter, and authorities were read by plaintiff showing such to be the law, and the defendant, by counsel, said he supposed such to be the law, upon the authorities read, such record does not amount to an agreement by counsel that the defense set up by the answer should not be considered, and does not bind the supreme court, on appeal, to disregard such defense in determining the case

*Appeal from District Court of Pitkin County.*

THIS is the same cause 'of action which was brought before this court on appeal from the district court of Clear Creek county, and decided at the April term, 1887

(10 Colo. 5), the parties also being the same. The appellee, Haley, was the complainant below in both cases; the subject-matter of his complaint being the illegal assessment and levy of taxes against his property, real and personal, in Routt county, for the year 1884, and seeking injunctive relief in both cases to restrain the appellant, the county treasurer of Routt county, from enforcing the collection of said taxes. In the original complaint it was charged that he was assessed for more land and personal property than he owned in said county; that the aggregate valuation was too great, making him liable for an amount of taxes greatly in excess of his due portion thereof. Other charges in the bill were that said assessor knowingly and wilfully omitted to list and assess other property, in said county, for the purpose of increasing the taxes of said Haley, and making them greater than his just share thereof would otherwise be; that no tax list had ever been left with him or his agent by the said assessor, to enable him to make out a list of his taxable property with the correct valuation thereof; that the county clerk never gave any notice of the meeting of the board of county commissioners to act as a board of equalization in the year 1884; that the board held no such meeting for that year; that as soon as the petitioner learned the incorrect and unjust assessment of his property, he took steps to have the same corrected, by filing with the county commissioners an application for the purpose, which was ignored and not acted upon by the board of equalization; that he was unjustly charged with the sum of $4,248.59 upon his property in said county for said year 1884, but on account of being charged with more property than he had in said county, and on account of omitting property of other persons liable to taxation from assessment, he does not know what the amount of his just taxes are; that he has always been able and willing to pay the just amount. The complaint charges, further, that the said Breeze, treasurer, was then about to make distraint and

sale of the plaintiff's cattle and personal property to enforce payment of said sum of $4,248.59 tax.

The prayer of the complaint is that said county treasurer be restrained by injunction from making distress and sale of the said cattle, horses and other property of the plaintiff; and that if he had already made distress, that he be restrained from proceeding any further therein, and from making sale or other disposition of the personal property until the further order of the court, from taking any further steps to collect the taxes aforesaid, and that on final hearing the injunction be made perpetual; and for such other and further relief as equity and good conscience may require. A temporary injunction, in accordance with the prayer of the bill, was granted December 7, 1886.

Subsequently, on July 1, 1887, said Haley filed in the district court of Pitkin county the complaint in the present case, praying injunctive relief against the collection of the same taxes, and that the same officer, the appellant herein, be restrained from selling his cattle and property to satisfy said taxes. The same objections are therein alleged, — that he was assessed for more property than he owned in Routt county, that the valuation was too great, and that the assessment and levy of the taxes upon his property were invalid for various reasons alleged, some of which had not been stated in the complaint filed in the former action. He also averred other items of damage which would result to him from a sale of his cattle, and other alleged equities than those previously mentioned. This complaint omits to mention several facts stated in the former complaint, as the quantity and value of land, and the number and value of horses and cattle owned by him in Routt county in the year 1884. The only relief prayed in this bill is that the appellant and his deputies, etc., be temporarily restrained from distraining and selling any of his stock for the satisfaction of said taxes. Upon the filing of this bill an

injunction was ordered to issue according to the prayer thereof. The appellant answered July 25th, averring, among other things, that the validity of the taxes complained of had been fully adjudicated and established in a prior suit between the same parties, involving the same issues mentioned in the injunction suit instituted in the district court of Clear Creek county, setting out the complaint filed therein by said Haley, the steps taken therein, the judgment of this court sustaining the validity of the assessment, and interposing the former adjudication as a complete bar to this action. Upon the filing of this answer appellant moved to dissolve the temporary injunction. This motion was heard by the district judge at chambers on the 27th day of July, upon the pleadings and proofs of the respective parties, and denied, from which order denying the application to dissolve, this appeal is prosecuted. The other facts are stated in the opinion.

Messrs. J. M. BREEZE, D. E. PARKS and H. E. JOHNSON, for appellant.

Messrs. W. T. HUGHES, J. A. CORETER, T. D. W. YONLEY, PATTERSON and THOMAS and L. C. ROCKWELL, for appellee.

BECK, C. J.    The record discloses that the appellee, Haley, has instituted and prosecuted two injunction suits against the appellant for the accomplishment of the same purpose, to wit, to prevent him from enforcing, as county treasurer of Routt county, the collection of taxes assessed against the personal property of the appellee therein for the year 1884, by distraint and sale of a portion of the same. The first suit was brought and prosecuted in the district court of Clear Creek county, and the present action in the district court of Pitkin county. The complaint in the former case stated substantially the same grounds for enjoining the collection of these taxes as that filed in the latter case; the principal ground being the in-

validity of the assessment. Additional grounds for equitable relief are alleged in the present complaint, but they all existed at the time of the former action, and it is not even alleged that they were unknown to the appellee at the time the original suit was pending.

The doctrine of the authorities is that, when a complainant in equity brings his suit, he must present to the court all the grounds then existing for its support. He is not at liberty to present a portion of the grounds upon which his claim for equitable relief depends in one suit, and, if that fail, to present the rest in another action. The former adjudication is held to be conclusive, in a subsequent proceeding between the same parties, as to every matter properly involved, and which might have been raised and determined in it. *Ruegger v. Railroad Co.* 103 Ill. 456; *Kurtz v. Carr*, 105 Ind. 574; *Stark v. Starr*, 94 U. S. 477. A copy of the complaint filed by said Haley in the former suit was set out in the answer in this cause, showing the identity of the causes of action, of the relief sought, of the parties, and that they prosecuted and defended in the same character; and it is therein averred that this court, by its opinion and judgment of April 30, 1887, pronounced in that case, held the said assessment to be valid, and that the injunction proceedings could not be maintained, which former adjudication is alleged to be a complete bar to the present action. This answer stands untraversed, and the fact, therefore, of a former adjudication of the same subject-matter between the same parties is decisive, not only of this appeal, but of this action. It appears from the record that there was a full and complete adjudication in the original suit of the validity of these taxes, and that the authority of the appellant, as treasurer of Routt county, to enforce their collection, was therein sustained. There was therefore no warrant of law for granting this second injunction to restrain him from the performance of that duty.

The point so strongly insisted upon by counsel for ap-

pellee, that the subject-matter of the original injunction proceedings, and the judgment of this court therein, could not be legally interposed as an estoppel to this second suit, for the reason that the same constituted new matter, and was therefore inadmissible under the rules of chancery practice, is without merit and untenable. The authorities cited in support of the proposition announce no such doctrine. They refer rather to cases where the new matter is not responsive to the allegations of the bill, and to new matter which is alleged by way of confession and avoidance; as where the alleged equities are admitted, but other facts are interposed by way of defense thereto.

The plea of *res judicata* filed herein is responsive to the complaint. It concedes no equities whatever in the allegations of the complaint, but is an unequivocal denial of all the propositions upon which the complainant's equities rest. In effect, it is a denial of the equities set up both in this and in the former complaint, and it alleges that the whole subject-matter thereof was adjudicated in the former action, wherein it was finally determined that the complainant was not entitled to equitable or injunctive relief. This plea, untraversed, leaves nothing for the court to try. The equities of the complaint are not only denied, but disproved, leaving nothing for the injunction to rest upon. 2 High, Inj. tit. "Dissolution," §§ 1467–1474, 1586, and authorities cited.

We have adverted to the fact that the present complaint contains averments of equities not stated in the original complaint, and that it omits facts which were stated therein; also that these additional equities existed at the time of the filing of the former complaint, and that there is no averment that they were then unknown to the complainant. It is well settled that the same subject-matter cannot be relitigated and redetermined by thus essentially varying the manner of stating the cause of action. If, by omitting a portion of the grounds of

action from the first complaint, and a portion of the facts
from the second, an estoppel could be avoided, the result
would be attained, not upon the legal ground that the
subject-matter of the second suit had not been adjudi-
cated in the former suit, but through the ingenuity of
counsel in so drafting the pleadings as to avoid the legal
effect of the former adjudication. Causes of action
might be thus split up and prosecuted in fragments,—
part at one time and part at another time,— if such prac-
tice were permissible; and the doctrine of *res judicata*
would not only be nullified, but litigation would become
endless. *City of Denver v. Lobenstein*, 3 Colo. 216; *Stark
v. Starr, supra*, 487; 1 High, Inj. § 39. The court below
erred, therefore, in granting the second injunction. This
error may readily have occurred, under the circumstances,
the application being made to a different court. But when
its attention was called to the prior proceedings (includ-
ing the judgment of this court upon the hearing of the
motion to dissolve) by the answer of the appellant and
the proofs offered, the injunction should have been
promptly dissolved. The proceedings had in the original
suit did not constitute new matter, in the legal sense of
that term as applicable to proceedings of this nature, and
were admissible under chapter 7 of the Code of Civil
Procedure, title "Injunctions," as well as under the rules
of chancery practice, and gave the judge in vacation
ample authority to dispose of the application as effectu-
ally, in accordance with the principles of law, as he
might have done in term. All the equities now claimed
existed at the institution of the original suit, and the
county treasurer was only proceeding to perform the
same duty from the execution of which he had been pre-
viously restrained when the bill was filed in the present
case. There was no new cause of action, and the appel-
lant was not entitled to bring a new suit for the same
purpose involved in the former proceeding. *City of Den-*

*ver v. Lobenstein, supra;* 1 High, Inj. §§ 39, 40; *Stark v. Starr, supra.*

If it were necessary to consider the case further, it is clear that the appellee has not now, and never had, any standing in a court of equity concerning the assessment complained of. This is shown by the admissions contained in his original complaint respecting the property owned by him in Routt county in 1884, the values of the same, and by his failure to aver, in either complaint, a tender of the taxes due according to his own admissions. In his original complaint he charged that he had been assessed, as the owner of nine hundred and sixty acres of land in Routt county, at a valuation of $2,880, whereas he owned but six hundred and forty acres, the value thereof being $1,920; that he was assessed for one hundred and sixty-five horses, valued at $6,845, and owned but one hundred and forty-one, their value being $4,935; and that he was assessed for eight thousand two hundred head of cattle, valued at $163,000, but owned only six thousand three hundred, their value being $120,000. He further charged that this excess in the valuation of his property aggregated about $40,000, and made him liable for about $1,000 more than his ratable portion of the taxes of said county for the year 1884.

Before a party is entitled to equitable relief against an excessive tax, he must pay what he concedes to be due. The authorities hold that he who would have equity must do equity; and when the valid portion of a tax can be easily distinguished from the portion alleged to be invalid, and it has not been paid or tendered, injunctive relief will be denied. The collection of the legal portion of a tax, which is generally the greater portion thereof, as appears to be true in the present instance from the admissions just cited from the appellee's original complaint, will not be restrained pending a litigation, in order to determine the validity of the disputed portion. High,

Inj. § 363; 2 Desty, Tax'n, 657; *Bank v. Kimball*, 103 U. S. 732; *Rowe v. Peabody*, 102 Ind. 198; *Wilson v. Longendyke*, 32 Kan. 267.

It appears from the supplemental transcript filed by the appellee that a demurrer to the appellant's answer to the complaint in the present case was filed by the appellee prior to the hearing of the motion to dissolve the injunction. It does not appear from the record whether this demurrer was disposed of or not, or whether its existence was known at the time of the hearing to either the court or to appellant's counsel. Months after the record had been filed in this court, counsel for the appellee procured to be executed by the judge of the court below a supplemental bill of exceptions; but it, like the rest of the record, is silent as to any action on the demurrer, or any objection to proceeding with the hearing of the motion to dissolve the injunction.

While we are not called upon to notice this pleading in the condition of the record described, we hold that the answer is sufficient, in form and substance, to warrant the dissolution of the injunction; and as the only relief prayed for in this case is a temporary injunction to restrain the appellant, as treasurer of Routt county, from proceeding to enforce the payment of said taxes, the order denying the motion to dissolve the injunction will be reversed and the cause remanded, with directions to dismiss the complaint.

*Reversed.*

### ON REHEARING.

ELBERT, J. In view of the gravity of the complaint made in the petition for rehearing, I have examined the record, not only in this case, but the record in the former case, decided at the April term, 1887 (10 Colo. 5), the decision therein being also the subject of criticism in the petition for rehearing. I have done this with the view of seeing whether, in the pressure of business, any substantial fact had been overlooked, or substantial in-

justice done in either case. The grounds of the decision rendered in April are plain and simple and cannot be questioned. The plaintiff failed to return to the assessor a list of his taxable property, as required by statute, and his property was listed by the assessor, as was his duty under the statute. If he was assessed too high, or for too much property, it was his duty to apply to the board of equalization for correction of these errors, which he failed to do either of his own accord or at the repeated solicitation of the board of county commissioners. Having neglected all the means and modes provided by the statutes for the correction of errors in his assessment, he cannot correct them by an appeal to the chancery jurisdiction of the courts. And to these plain propositions the opinion cites abundant and well-considered authorities. It was further urged in that case that the assessor did not complete the plaintiff's assessment list within the time prescribed by statute, and it was therefore without validity. It was held, however, that this was not fatal, and that there was a sufficient compliance with the statute. Upon the authority cited I have no doubt about the correctness of this conclusion.

In his petition for rehearing in that case, counsel for the appellee urged that the objection to the assessment "chiefly relied upon" was that it was made by the assessor " in the presence of and under the directions of the board." There was nothing to prevent the assessor from making out his list in the presence of the county commissioners, or any one else, nor did the record disclose any proper or sufficient evidence that it was made under the directions of the board, for which reason it was not considered a good ground for rehearing.

Our decision in that case should have ended this litigation. The plaintiff's counsel, however, drafted another bill substantially the same as the bill in the former case, went to another county and to another judge, and asked for a temporary injunction substantially upon the same

grounds and for the same reasons as set forth in his former bill. An injunction was granted, the defendant appeared and answered, first traversing the allegations of the bill, and for further answer set up the fact that another suit was pending in the same cause of action in which a decision of this court had been rendered, and moved to dissolve the injunction. Upon the hearing of the motion to dissolve he offered in evidence, *inter alia*, the summons and the complaint in the former suit, and the opinion of this court, which the court refused to consider. This was error, and upon this question there can be no doubt. The proceedings in the original suit did not constitute new matter, and were a complete defense to the action.

It is insisted by counsel that there was an agreement between counsel, in the presence of the court, upon the hearing of this motion, that the answer of what is termed "new matter" should not be considered by the court, and it was made a ground of serious complaint that we have annulled the agreement of parties in this respect. In support of the proposition that there was an agreement of this kind by counsel, we are cited to the supplemental record filed by the appellee, which recites, among other things, as follows: "It is now ordered, considered and adjudged that the bill of exceptions in this cause be amended, and made to show that, at the beginning of the hearing upon the motion made by defendant to dissolve the injunction, the plaintiff Haley, by counsel, objected to any hearing or introduction of evidence, or any consideration of pleas of new and affirmative matter set up and pleaded in the answer filed in this cause, and authorities were read by plaintiff showing such to be the law, and the defendant, by counsel, said he supposed such to. be the law, upon the authorities read; wherefore, after argument by plaintiff's counsel, the judge held that the pleas of new and affirmative matter should not

be heard, gone into or considered at this hearing in vacation, and that no evidence now offered or introduced would be considered as applicable to the pleas of new affirmative matter at this hearing; and also that the plaintiff objected to the introduction of all evidence offered to prove any matter contained in the pleas of new and affirmative matter." Much of this is strange matter for a bill of exceptions, and we are surprised that it is seriously urged that it constitutes an agreement between counsel, upon the hearing of the motion to dissolve the injunction, that the pleas of what is called new matter should not be considered. Plaintiff's counsel read authorities to the effect that such and such was the law, and defendant's counsel said he supposed such to be the law, upon the authorities read. It is sufficient to say that it is not competent for counsel to stipulate as to what the law is so as to bind this court. As a matter of fact, they do not appear to have stipulated in the court below, as the record shows that they did offer to prove the pendency of the former suit; but the court refused to consider the evidence on the ground that it was new matter, and an exception was taken thereto, which was made the basis of an assignment of errors. The plea of a suit pending was not new matter, as held in the opinion of Chief Justice BECK, and the court below erred in treating it as new matter; and, had the counsel below entered into a written stipulation that it was new matter, which could not be considered on an application to dissolve an injunction, it would not have bound this or any other court.

We do not care to restate the grounds of our decision. They are stated clearly and definitely in the opinion delivered by the chief justice, and are abundantly supported by the authorities which he cites. The whole proceeding in this case appears to us to be an unwarranted attempt to have matters re-adjudicated which have already

been decided against the plaintiff, and to further harass the authorities of the county, and delay the collection of its revenue. The petition for rehearing is denied.

*Rehearing denied.*