HALEY LIVE-STOCK CO. v. BOARD OF COM'RS OF ROUTT COUNTY.

(Circuit Court of Appeals, Eighth Circuit. April 17, 1899.)

No. 1,148.

FEDERAL COURTS—EFFECT OF STATE DECISION CONSTRUING STATUTE.

Where the sole grounds relied upon by a plaintiff in a suit in a federal court to entitle him to a recovery, as disclosed by his pleading and the opening statement of his counsel, were the invalidity, under the statutes of the state, of certain tax proceedings, and the identical proceedings had been adjudged valid by the supreme court of the state, though not in a suit between the same parties, so as to render the matter res judicata as between them, its decision was nevertheless binding on the federal court as a construction of the local statutes, and the direction of a verdict for defendant by the court, on the conclusion of the plaintiff's opening statement, was not error.

In Error to the Circuit Court of the United States for the District of Colorado.

William T. Hughes, for plaintiff in error.

Henry T. Sale (D. E. Parks, on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. This suit was brought by the Haley Live-Stock Company, the plaintiff in error, against the board of county commissioners of Routt county, in the state of Colorado, the defendant in error, to recover the sum of $12,725.50, which the plaintiff company claimed to have paid under protest to the treasurer of Routt county to obtain the release of some 700 head of cattle that had been seized to compel the payment of certain taxes which were assessed against Ora Haley for the year 1884. The suit was brought upon the theory that the assessment was absolutely void as to Haley, and afforded no warrant in law for the seizure of the cattle. In addition to the recovery of the sum of money above stated, which was actually paid to the county of Routt to satisfy its claim for taxes, the plaintiff, in two other counts, also sought to recover the sum of $10,500 for injuries sus-

tained by the cattle while they were under seizure, and the sum of $500 for expenses which the plaintiff had incurred in securing their return. At the conclusion of a somewhat lengthy opening statement, which was made by the plaintiff's attorney, and before any evidence had been introduced to sustain the allegations of the complaint, the trial judge ruled, in substance, that, upon the facts which had been stated by counsel, there could be no recovery. A verdict was accordingly rendered by the jury in favor of the defendant, pursuant to a peremptory instruction to that effect. The seizure complained of had given rise to considerable litigation in the courts of Colorado, both state and federal, prior to the institution of the present suit. One of the prior suits, in which the Haley Live-Stock Company had brought an action of trespass against the officer who seized the cattle, had eventually gone to the supreme court of the United States, and had been decided by that court adversely to the plaintiff. Vide Wilson v. Haley Live-Stock Co., 153 U. S. 39, 14 Sup. Ct. 768. Certain cases growing out of the same seizure had also found their way to the supreme court of Colorado, and had been decided by that court. Vide Breeze v. Haley, 10 Colo. 5, 13 Pac. 913; Breeze v. Haley, 11 Colo. 351, 18 Pac. 551; Haley v. Elliott, 20 Colo. 379, 38 Pac. 771; Id., 16 Colo. 159, 26 Pac. 559. It was in view of these decisions, doubtless, that the learned judge of the trial court disposed of the case in the summary manner above indicated; being satisfied, no doubt, that, upon the state of facts disclosed by the opening statement, there could be no recovery.

In the case of Wilson v. Haley Live-Stock Co., 153 U. S. 39, 14 Sup. Ct. 768, no final judgment appears to have been entered, nor were the parties to that suit the same as in the case at bar. It may be conceded, therefore, that the plaintiff company is not barred of its right to sue by any of the proceedings taken in that case, and that the action of the trial court cannot be sustained upon that theory. Nevertheless, if it appears from the averments contained in the plaintiff's declaration, aided, as it may be, by the statement of its attorney of the facts which it expected to prove, that no cause of action in fact existed, then no complaint can be made of the summary character of the trial. We accordingly proceed to inquire whether the declaration and oral statement of counsel did disclose a cause of action as against the board of county commissioners of Routt county, the present defendant.

It appears from the allegations of the complaint that the seizure of the cattle which is complained of was made by S. D. Wilson, acting as county treasurer of Routt county, Colo., in the month of July, 1888, and that the seizure was made under a tax warrant, as it is termed, and that this warrant was founded on an assessment roll for the year 1884 which was made by the county assessor. This warrant is alleged to have been void for the following reasons: First, because the assessment roll on which the warrant was founded was not made and returned to the county clerk until after the first Monday in July, 1884, whereas the law (Gen. St. Colo. 1883, § 2856) directed its return on or before June 25th of that year;

second, because no notice was published of the meeting of the board of equalization to equalize assessments, as required by law, which could apply to the assessment roll on which the tax warrant was founded, because such assessment roll was not returned in due time to the county clerk; third, because certain interlineations were made in said assessment roll in July, 1887, by the then county treasurer, which interlineations consisted in making the dollar mark ($) before certain figures, and in writing at the head of certain columns of the assessment roll the words, "Dolls.," "Cents"; and, fourth, because the realty embraced in said assessment roll was imperfectly described, the description being as follows: "Six ¼ sections." It should be stated, in this connection, that Haley was assessed in the aggregate, for the year 1884, the sum of $1,248.59, the total value of his property, as shown by the assessment roll, being about $175,100, of which amount property of the value of $3,780 appears to have been realty and the residue personalty. This tax, by the addition of penalties and costs, had grown to be $12,725.50 in the year 1888, when a seizure of property to collect the tax was made. We are unable to ascertain from the allegations of the complaint, supplemented by the oral statement of the plaintiff's attorney, that the validity of the tax warrant is challenged for any other reasons than those last stated.

Each of the grounds thus relied upon to impeach the assessment, and the validity of the warrant under which the alleged wrongful seizure was made, have been considered by the supreme court of Colorado, and have been pronounced insufficient for that purpose. Thus, in Breeze v. Haley, 10 Colo. 5, 3 Pac. 913, a case wherein Haley, the tax debtor, sought to restrain the collection of the very taxes which are involved in the present case, because of alleged defects in the assessment roll, it was held that the failure of the assessor to complete and deliver the assessment roll to the county clerk by June 25, 1884, as directed by section 2856, Gen. St. 1883, did not render the tax invalid, and the court accordingly declined to enjoin its collection. In a later case (Haley v. Elliott, 20 Colo. 379, 38 Pac. 771), wherein Haley seems to have sued in replevin to recover certain property which was sold under the same tax warrant that is involved in this case, all of the above-mentioned defects in the assessment roll and warrant, which are relied upon as a basis for a recovery in the case at bar, were considered at length in two opinions, one of which was delivered on a motion for a rehearing, and the conclusion was announced that none of the alleged defects or irregularities complained of either invalidated the tax or rendered the tax warrant void. The court held, in substance, that the omission of the dollar mark on the assessment roll might be corrected at any time by the county treasurer; that the defective description of the realty was likewise subject to correction at any time; and that, even though uncorrected, it did not affect the validity of the warrant. It was further said, after a review of the various provisions of the revenue laws of the state, that they had been specially framed so as to prevent such objec-

tions to the assessment, as were then and now raised, from having the effect of rendering a tax invalid and preventing its prompt collection. While it is true that the defendant cannot avail itself of these decisions to support a plea of res judicata, nevertheless, as these are decisions construing a statute of the state, they are binding upon this court, in so far as they place a construction upon the local statute, and determine the validity of acts done thereunder. Moreover, if they were not thus binding upon the federal courts, we should have little difficulty, we apprehend, in reaching the same result which was reached by the supreme court of the state. Inasmuch, then, as it is settled, by the decisions aforesaid, that the money which the plaintiff seeks to recover was collected under a valid tax warrant, and was thereafter paid over to the county, no ground is disclosed by the record upon which it can be recovered. The Haley Live-Stock Company, to whom Haley attempted to transfer the cattle, according to admissions contained in the present record, did not become a body corporate until some time after the alleged trespass was committed, so that at the time when the cattle were seized they were in fact Haley's property, and subject to be taken for taxes which had been assessed against him. This conclusion was reached by the supreme court of the United States, upon substantially the same state of facts that is disclosed by the present record, in the case of Wilson v. Haley Live-Stock Co., 153 U. S. 39, 45, 14 Sup. Ct. 768. It results from what has been said that no error was committed of which the plaintiff below is entitled to complain, and the judgment of the circuit court is therefore affirmed.