[No. 1552.]

HALEY v. DUQUETTE ET AL.

PRACTICE—COMPLAINT INSULTING TO COURT—DEMURRER—STRICKEN FROM FILES.

Where a complaint is filed in court grossly insulting to the supreme court in its criticisms of the action of that court, it is not enough to sustain a demurrer to the complaint and leave it on file but it should be promptly stricken from the files.

*Error to the District Court of Arapahoe County.*

Mr. W. T. HUGHES, for plaintiff in error.

Mr. W. B. McCLELLAND and Mr. HENRY T. SALE, for defendants in error.

THOMSON, J.

On the 6th day of December, 1886, Ora Haley commenced his action in the district court of Clear Creek county against Louis H. Breeze, the treasurer of Routt county, to restrain him from collecting certain taxes assessed against Haley's property. A temporary injunction was ordered and a motion

to dissolve it, which was afterwards interposed, having been denied, Breeze took the cause to the supreme court by appeal. That court after reviewing the evidence produced upon the hearing of the motion to dissolve, held that the plaintiff was not entitled to the relief prayed, and ordered the dismissal of the cause. *Breeze v. Haley*, 10 Colo. 5. Afterwards, on the 1st day of July, 1887, Haley filed his complaint in the district court of Pitkin county, against the same officer, praying an injunction against the collection of the same taxes. A temporary injunction was granted, and Breeze answered, alleging that the validity of the taxes had been adjudicated and established in the former suit; and pleaded the adjudication in that suit as a complete bar to the action. Upon filing his answer, Breeze moved to dissolve the temporary injunction. The motion was denied and Breeze appealed to the supreme court. That court held that the questions involved had been fully and finally determined in the former suit, and were *res adjudicata*. It accordingly reversed the judgment, and instructed the court below to dismiss the complaint. *Breeze v. Haley*, 11 Colo. 351. In the latter part of 1886, or early part of 1887, Breeze, as treasurer, seized certain personal property of Haley, and sold it to satisfy the same taxes. Haley brought replevin for the property against the purchaser alleging the invalidity of the proceedings in pursuance of which the taxes were levied and the sale had. The court reviewed these proceedings and held them valid. In relation to the former adjudications, the court quoted with approval the following from the opinion of Mr. Justice Elbert on the petition for a rehearing in *Breeze v. Haley*, 11 Colo. 351 : "The whole proceeding in this case appears to us to be an unwarranted attempt to have matters readjudicated which have already been decided against the plaintiff, and to further harass the authorities of the county, and delay the collection of the revenue." *Haley v. Elliott*, 20 Colo. 379.

On the 14th day of April, 1897, Haley filed his complaint in the case now before us. It seeks to bring up for reinvestigation the same taxes, alleging their invalidity, and setting

forth the same reasons for holding them illegal. It also gives a history of the litigation which arose out of the attempt to collect the taxes, and sets forth the adjudications in which that litigation resulted. It shows upon its face that the matters and things upon which it seeks to build a cause of action have been finally settled and determined by the supreme court of this state adversely to the plaintiff. A demurrer to the complaint for want of sufficient facts was sustained, and the plaintiff brings his case here by writ of error.

It is quite certain that the complaint does not state a cause of action; and, if it contained no unusual averments we would content ourselves with a simple affirmance of the judgment. But the extraordinary character of the pleading demands some special attention. Presumably for the purpose of avoiding the effect upon this case of the former adjudications, and for the purpose of showing why they should be overridden, a considerable portion of the complaint is devoted to a labored and persistent attack upon the supreme court. To give everything of this nature which it contains would be an imposition upon the bar and the public; but we shall make such selections as will sufficiently show the character of the composition. Speaking of the several opinions of the court, in a general way, it says: " Plaintiff is advised that the cases which he has submitted have been wholly overlooked and misconceived, and have been discussed and disposed of in the most confused and contradictory and inconsistent way possible, as will appear from the reported opinions in said causes, and to which reference is hereby made." After alluding to certain charges alleged to have been made by the attorneys of Breeze against Haley and his counsel, the complaint proceeds : " All of the charges being made and resting upon the dictums and groundless remarks made and set forth in said opinions." The following extracts are from the comments on the opinion in the 11th Colorado : " That despite all the foregoing facts, and the record and jurisdictional facts, said supreme court assumed original jurisdiction over said pleas, and disposed of the same as reported in the 11th Colo-

rado, page 354, aforesaid ; and that, founded on said imaginary and fictitious statement, said supreme court assumed to finally dispose of said cause, and peremptorily ordered the same dismissed, without leave to amend or to be further heard. That by reason of the contents of the above plea set out, and also said imaginary and fictitious statement of the contents of said plea, said supreme court, being a court of appellate jurisdiction *only* in the premises, undertook for the first time to try and also to finally dispose of the force and effect of said plea of *res adjudicata*, and also of the issues made by the demurrer thereto, and that the extent of the discrepancy between said plea and the judicial statement of its contents, as found in said 11th Colorado Report, page 354, is evinced by referring to said plea and said judicial statement. That the opinion last aforesaid, as it shows, was rendered upon the grounds that in said cause the whole matter was adjudicated and finally disposed of, when the record facts were made and were then existing, showing the contrary. That there never was an answer or plea pleaded as is described and judicially found in 11 Colorado, page 354. That Routt county was at different times attached to different districts for judicial purposes, but that this seems to have been overlooked by the supreme court in the 11th Colorado, at page 360, where from misconception, and being misled as to the facts, unreflecting remarks are made about the practice involved, which remarks are immediately followed by others which show that the judge speaking for the court was misled and deceived, and wholly misapprehended the record facts, the allegations, the denials, the issues, as well as all that pertains to them."

In reference to the case in the 20th Colorado, we find the following in the complaint : " That the case presupposed in the 20th Colorado Report is not the case that was removed by said record into said supreme court, except as to docket number, names, dates, and formal and immaterial copies, which are set out in said opinion, and which wholly omits the substantial, the material thing, which is, to wit, the warrant or process above set out, and which is materially misdescribed

in said opinion. That upon the arguments upon matters irrelevant to and *dehors* the record, the court found and imported said matters into the record. That said opinion shows that the court was grossly misled and deceived, and that it did not comprehend the record submitted and before it. That the opinion at page 384, 20 Colorado Report, shows that the court was not rightly advised as to the facts, and did not comprehend the record facts of the case which is reported in the 10th Colorado, nor the record facts of the case which is reported in the 11th Colorado. That the presumptions in the 20th Colorado, at page 381, have no existence in reality or in fact."

In other places it is charitably suggested that the supreme court was deceived and imposed upon by the arguments and representations of the opposing counsel.

The foregoing charges against the court will bear a variety of interpretation. In a spirit of confiding innocence, the court may have believed everything which was told to it by the other side, and so erred; or on account of its incompetency and incapacity, it may have committed error simply because it did not know any better; or it may have designedly misstated the record so as to enable it to render an unjust judgment. Whatever meaning may be given to the expressions they are equally insulting. That the complaint was demurred to, and the demurrer sustained, is not quite satisfactory to us. The judgment left the pleading on file. Such a document ought not to be tolerated a moment beyond the time necessary to become acquainted with its contents and to enter an order striking it from the files ; and the court, if it was not moved from the outside, upon being advised of the character of the pleading, should have caused the order to be entered of its own motion. The cause will be remanded to the district court, with instructions to vacate the judgment upon the demurrer, to order the complaint stricken from the files, and to enter judgment against the plaintiff for the costs. Costs in this court are also adjudged against the plaintiff.

*Remanded.*