Thomson, J.
The complaint avers the assessment and levy of taxes against the plaintiff by the authorities of Routt county, during the year 1884; the invalidity of the assessment and of the subsequent proceedings; the seizure by the defendants (except the defendant Lees)? as the deputies of the treasurer of Routt county, of the personal property of the plaintiff, and its sale to satisfy the tax demand; the institution by the plaintiff of suits in replevin against the defendants, who severally purchased the property at the sale; the final determination of *433 those suits against the plaintiff; the resulting judgments against Mm, and in favor of the defendants separately, m various amounts; the issue of executions upon the judgments, and their delivery to the defendant Lees, the actmg sheriff of Routt county; the threatened levy of the executions upon the plaintiff’s property; the institution and pendency of two suits by the plaintiff against Lewis H. Breeze, the treasurer, and the defendant John M. Breeze and others, for damages caused by the seizure and sale of the plaintiff’s property; the insolvency of the defendants in those suits; and the remediless condition of the plaintiff if his property be permitted to be sold. The prayer is for an injunction restraining the defendant Lees, as sheriff, and also the other defendants, from further proceedings under the executions until their liability is determined in the premises, and for final judgment making the injunction perpetual.
The complaint was filed on the 23d day of May, 1895. In due time the defendants answered. On the 12th day of October, 1897, W. T. Hughes, the sole attorney for the plaintiff, withdrew his appearance. On the 15th day of the same month, the cause which as it appears had before that time been set and was then regularly reached for trial was called, and the complaint dismissed and the injunction dissolved for want of prosecution, and also for want of equity. The prmted abstract shows a motion by Hughes for a reinstatement of the cause, but does not show what, if any, disposition was made of the motion, although it contains some statements from wliicli it may be Mferred 'that the motion was sustained, and the order sustaining it afterwards set aside.
The errors alleged relate wholly to the action of the court in dismissing the suit and dissolving the injunction for want of prosecution. It is complained that the entry that the cause had been regularly set for trial on the 15th was wrong; that in reality it was set for trial on the 16th ; and that the court was confused, and was misled by appellees’ counsel into an improvident dismissal; but, from what we find in the record, we are unable to say that the judgment of the court was not *434 entirely regular and proper on the simple ground of failure by the plaintiff to prosecute his action. However, whether the dismissal may be justified on that ground or not, is comparatively unimportant. The abstract shows that one of the grounds of the court’s action was want of equity in the complaint. If the court’s opinion of the complaint was correct, it was its duty to dismiss the suit for that reason; and if it had not done so, it would have been our duty to order a dismissal. We coincide entirely with the court. There was no issue for trial. The complaint contained no averments on which a triable issue could be framed. There is no conceivable judgment which its allegations would support. It showed that certain judgments -were regularly and properly recovered against the plaintiff, and that they were unpaid; and without suggesting a single reason why they ought not to be paid, it asked an injunction against their collection. Although it is nowhere so stated, we are inclined to suppose that the object of the action was to stop proceedings upon the judgments until the plaintiff could recover judgment in his action for trespass, and have it made a set-off against them. This is the only way in which we can account for the suit. But even if there were nothing else hi the way of the allowance of a set-off, the trespass which he set up as being the subject of his other action, consisted in the identical seizure and sale of the plaintiff’s property which was litigated in the replevin suits; and the judgments in those suits are conclusive that the seizure was not a trespass. Every question which could possibly arise in the action for trespass, was litigated and finally determined in the actions of replevin. The complaint shows upon its face that the suit for trespass cannot be maintained, and that there will, therefore, be no judgment to set off against the judgments in replevin. After giving the complaint the benefit of everything, in the way of surmise and conjecture, of which our imagination is capable, it is still barren. It discloses not a single reason for bringing the defendants into court.
In addition to the foregoing, we may say that the complaint *435 sets forth^the same tax assessment and levy which, the supreme court held good in Breeze v. Haley, 10 Colo. 5, Breeze v. Haley, 11 Colo. 351, and Haley v. Elliott, 20 Colo. 379, and that this proceeding is an attempt to relitigate questions which that court has set at rest.
The judgment will be affirmed.

Affirmed.