[Civil No. 545.  Filed May 5, 1897.]

[48 Pac. 960.]

## NOYES B. ALLYN, Defendant and Appellant, v. BERTHA SCHULTZ et al., Plaintiffs and Appellees.

1. MINES AND MINING—ADVERSE SUIT—REV. STATS. U. S., SEC. 2326, CONSTRUED—PLEADING—CITIZENSHIP—EVIDENCE—RULE IN SUITS TO QUIET TITLE BETWEEN INDIVIDUALS INAPPLICABLE.—In an action to adverse the party applying for a United States patent to a mining claim, under section 2326, *supra*, it is necessary to both allege and prove that plaintiffs are citizens of the United States, or have declared their intention to become such.  The rule that such allegation is unnecessary applies only to an action to quiet title between individuals.

2. SAME—SAME—SAME—FORM OF ACTION.—Section 2326, *supra*, does not provide what form of action shall be brought.  It may be an ejectment, a suit to try the right to real property under the statute, or an action to quiet the title, or the form ordinarily used in adverse actions.

3. SAME—PLEADING—GENERAL DEMURRER—DUTY OF COUNSEL TO CALL ATTENTION OF TRIAL COURT TO GROUND OF DEMURRER.—Where the demurrer to a complaint is general, the point upon which it is based should be called directly to the attention of the trial court.  It should not be formally submitted without argument, to be overruled.

4. SAME—BOUNDARY-LINE—ESTOPPEL IN PAIS.—Where the evidence in the case shows that plaintiff, locator and owner of the New Year, the adjoining claim, pointed out to the agent of defendant the boundary-line between the Mohawk and the New Year claims, and that upon such representation defendant was induced to purchase the Mohawk, plaintiffs are estopped from questioning the correctness of the line so established.

5. SAME—SAME—SAME—RULE SAME AS IN OTHER KIND OF REAL ESTATE —BLAKE v. THORNE, 2 ARIZ. 347, 16 PAC. 271, CITED.—The rules of law relating to estoppel *in pais* apply to mining ground the same as any other kind of real estate.  *Blake* v. *Thorne, supra,* cited.

6. SAME—SAME—SAME—PRIVY IN ESTATE BOUND.—Where, after plaintiff pointed out the boundary-line between the claims to defendant's agent, he quitclaimed an interest to another of plaintiffs, she, as a privy to the estate, is bound by the same estoppels as her grantor.

7. SAME—ACTION TO ADVERSE APPLICANT FOR PATENT—REV. STATS. U. S., SEC. 2326, AS AMENDED MARCH 3, 1881, CONSTRUED—PLEADING — NECESSARY ALLEGATIONS — PROOF — MUST RECOVER ON STRENGTH OF OWN TITLE.—In cases under section 2326, *supra,* as

amended March 3, 1881, each party is to establish his right to the mining ground in controversy against the United States as well as against his adversary. The party filing the contest should allege and prove every step necessary to establish his right to his mining claim that would be required in the land office for a patent, with the exception of advertisement and certificate of surveyor-general as to the amount of work required before patent could be obtained. He must recover on the strength of his own title, and not on the weakness of his adversary.

8. SAME—ESTOPPEL IN PAIS—SALE OF MINING CLAIM.—Where the evidence shows that John and Susana Bauer, two of the plaintiffs and part owners of the Mohawk claim, sold the strip of land in dispute to defendant as being a part of the Mohawk claim, they are estopped from claiming the same ground as a part of the New Year or any location, so long as the Mohawk is a valid subsisting claim.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Pinal. Owen T. Rouse, Judge. Reversed.

Statement of facts:—

On the eighteenth day of March, 1895, Noyes B. Allyn made application before the United States land office at Tucson for a patent for the Mohawk mining claim, situated in Pinal County, Arizona. Within the time allowed by law, the appellees filed in the land office their adverse claim to a portion of the ground, asserting it to be a part of the New Year mining claim, which was owned by them. This action was brought by appellees under section 2326 of the Revised Statutes of the United States to determine their rights to the ground in conflict. The case was tried before the court below without a jury. The judgment was in favor of the plaintiffs (appellees), and the defendant (appellant) has sought this appeal.

The following diagram will show the relative positions of the Mohawk and New Year claims, and the ground in controversy.

The Mohawk claim was located on December 7, 1881, by the plaintiff Frank Schultz and one R. C. Wood. It is under this location that defendant, Allyn, claims title. The New Year claim was located on January 1, 1885, by plaintiff Frank Schultz. It is under this location that all the plaintiffs claim title. Frank Schultz sold one-fourth interest in the Mohawk to plaintiff Bauer in September, 1882, and his remaining in-

terest to one Eugene W. Aram on July 31, 1882. Since 1882 he has had no further interest in the Mohawk Mine. Wood, the other locator, conveyed all his interest to one Lee H. Newton on January 15, 1883, since which time he has had no interest therein, and since which time he has never been on the ground. In September, 1884, Newton conveyed his one-half interest in the Mohawk claim to Andrew Damm and James G. Fraser. So that in September, 1884, Damm, Fraser, and John Bauer were the owners of the Mohawk claim. In 1884,—about the time that Damm and Fraser

NOTE — The shaded triangular strip between the Mohawk and New Year is the ground in dispute in this action. It is 94 5-10 feet wide at its base on the north, and is 1,100 feet long.

purchased their interest,—the plaintiff Schultz went onto the Mohawk claim with them, and pointed out to them its monuments. The monuments he then pointed out are the same as shown by figures 1, 2, 3, 4, 5, and 6, on the foregoing diagram. Schultz then explained to both Damm and Fraser that he believed the ledge swung around to the west, and for that reason he had placed the monuments of the Mohawk in that particular position. About three months after Schultz had pointed out and designated to Damm and Fraser where the monuments of the Mohawk claim were, and the boundaries of the claim had been agreed upon between them, he (Schultz) located the New Year Mine. Prior thereto the ground covered by the New Year claim was unappropriated public land, and it was unappropriated when Schultz pointed out the monuments of the Mohawk in 1884. The location notice of the New Year bears date January 1, 1885. It describes the claim as joining the Mohawk on the

east. Later in the year 1885, Damm, Fraser, and Bauer, as owners of the Mohawk claim, had a survey made of the same by Gustavus Cox, a United States mineral surveyor. This surveyor erected regular mineral monuments at the points where the old monuments were. Each of these monuments consisted of a post four by four inches and four feet high, surrounded by a mound of stones. Cox also made a survey and map of the adjoining claims at the time. It shows the Mohawk Mine to be situated and located as now claimed by defendant, Allyn. The monuments so erected by Cox, Damm, and Fraser have remained there ever since. They have been known to every one as marking the boundaries of the Mohawk claim. Andy Collins, Martin Derrig, Thomas L. Bailey, Damm, Fraser, and many other witnesses testified that those monuments of posts and stones were known all around that neighborhood as the Mohawk monuments. In 1890, Thomas Armstrong, a mining engineer, was employed by the Mohawk Mining Company to make a contour map of all the claims belonging to that company, and of the adjoining claims. In making this survey, in 1890, he met plaintiff Schultz on the Mohawk Mine. Schultz then pointed out to Armstrong the monuments of the Mohawk, and Armstrong made a survey of the claim from the monuments as pointed out by Schultz. The monuments so pointed out by Schultz at that time were the identical monuments which Cox, Damm, and Fraser had erected in 1885. A few weeks later, and about August, 1890, Armstrong made a map from the surveys he then made, which map shows all the mines of the Mohawk Mining Company. It also shows the Mohawk and the New Year claims, as surveyed by him from the monuments so pointed out by Schultz. This map is in the records of this case, and shows the location of the Mohawk to be as claimed by defendant, Allyn. In January, 1892, the defendant, Allyn, procured from the plaintiffs Susana and John Bauer an option to purchase their interest in the Mohawk claim, and also the interest of their co-owners Damm, Fraser, and Stephens. The purchase price was to be twenty-five thousand dollars. At or about the time of the execution of this agreement, the said Bauer, Damm, Fraser, and Allyn, and also Thomas L. Bailey, who was agent for Mr. Allyn, met at Tucson, and had an extensive conversation about the Mohawk claim and its monuments and boundaries. At

this meeting a sketch-map was drawn, which showed the location of the Mohawk claim relative to the Mammoth and New Year. This sketch showed the Mohawk to be located in the same manner as did the map of Cox and of Armstrong, and it showed that the ground in dispute in this action was included within the limits of the Mohawk Mine. The plaintiffs Susana and John Bauer impressed on Mr. Allyn that this was a fact, and that the sketch correctly outlined the position and boundaries of the Mohawk Mine. It was further agreed at the same time that Damm should take defendant, Allyn, and Mr. Bailey out to the Mohawk ground, and show them the mine and the monuments of the claim. And both the Bauers and Fraser assured Mr. Allyn that they would stand by and indorse as correct everything that Damm showed him. This is not denied by the plaintiffs in the case. Accordingly, in January, 1892, Damm, as the representative and agent of all his co-owners, and particularly Susana and John Bauer, went out to the Mohawk claim with Allyn and Bailey. He took them around the claim, and pointed out to them each of the corner and center end monuments. These monuments were at the points marked 1, 2, 3, 4, 5, and 6 on the diagram herein. They were the same post monuments which had been erected in 1885, and were at the same places where Schultz had, in 1884, pointed out the original Mohawk monuments to Damm and Fraser. The boundaries of the Mohawk Mine as then designated and shown by Damm to Allyn and Bailey were the same as were described in the map of Cox and in the map of Armstrong, and now claimed by Allyn. Mr. Allyn then took possession of the Mohawk claim, under his option to purchase, and put Thomas L. Bailey in charge of it, and had him do development work thereon from that time on until July 15, 1892, when he bought the mine. While Bailey was thus in charge of the mine, doing work thereon,—to wit, on June 11, 1892,—and while Andrew Damm was also at the mine with him, Frank Schultz came on the ground, and took dinner with him. As he had been one of the original locators of the Mohawk claim, and as he was the sole locator of the New Year claim, and was then an owner thereof, Mr. Bailey requested him to show him the monuments of the Mohawk and the dividing-line between the Mohawk and the New Year. Schultz complied with this request. He took Bailey around the Mohawk claim, and pointed

out to him each of the corner and center end monuments of
the Mohawk claim. He pointed out to Bailey the identical
four by four post monuments which Cox, Damm, and Fraser
had erected in 1885, and he (Schultz) told Bailey that those
were the true and correct corner and center end monuments
of the Mohawk claim. Mr. Bailey communicated these facts
to Mr. Allyn. Bailey and Schultz then went to work to ascer-
tain and determine the boundary-line between the Mohawk
and the New Year. Schultz posted himself at the southeast
corner of the Mohawk claim (figure 6 on the foregoing dia-
gram), from which point he could distinctly see the northeast
corner monument of the Mohawk (figure 3 on the diagram).
Bailey started from this southeast monument, carrying with
him an ocatillo stick with a rag tied at the end of it for a flag.
He proceeded in the direction of the northeast monument.
When about midway between the two monuments he stopped
and faced Schultz, who remained at the southeast monument.
Schultz motioned with his hat from one side to another until
Bailey was in a direct line between the two monuments. Then
Bailey stuck his stick in the ground and built a small monu-
ment of stones around it. Schultz came up, and it was agreed
by him that this monument and the line sighted from the
southeast and northeast monuments of the Mohawk was the
correct boundary-line between the Mohawk and the New Year.
The line is the line marked 3, 6, on the foregoing diagram.
And so it was agreed that the New Year claim did not take in
any of the ground of the Mohawk as bounded by the post monu-
ments which Damm and Fraser had erected in 1885. There-
after, and on July 15, 1892, Mr. Allyn, being satisfied with the
value of the Mohawk Mine, and relying on the representations
made to him and to his agent, Mr. Bailey, by the plaintiffs
Susana and John Bauer and Frank Schultz, as to the location
of the corner and center end monuments of the Mohawk claim,
and believing from their representations that the monuments
they had pointed out, and had caused others to point out, to
him as being the true monuments of the Mohawk claim, were as
a matter of fact the true monuments, he paid to the Bauers
and their co-owners of the Mohawk, twenty-five thousand dol-
lars, and they delivered to him their deed. And in this way
did defendant, Allyn, buy the land in dispute in this action.
Defendant, Allyn, continued extensive development work on

the claim after he purchased it; Mr. Bailey remaining as his manager. He erected, at great expense, a boiler and engine house, and placed therein a valuable boiler and engine, and he also erected a large stamp-mill, at about forty or fifty feet from the boundary-line between the Mohawk and New Year, as such boundary-line was settled and agreed upon by Schultz and Bailey. The ground in dispute is valuable to defendant, Allyn, for the use of this mill and machinery. The point where this mill is situated is shown in the foregoing diagram. The lower court rendered its judgment that the ground in dispute was part of the New Year claim; that of said claim Susana Bauer was the sole owner of an undivided three-eighths interest thereof, and that her said title to the ground in dispute be forever quieted as against the claim of defendant, Allyn. Plaintiffs introduced in evidence the deraignment of title of the New Year claim. This evidence showed that Frank Schultz was the owner of an undivided one-half interest therein, and that Bertha Schultz was the owner of the other half interest. It further showed that Susana Bauer did not have, and never did have, any interest in the New Year claim. The deraignment of title consists of: 1. Notice of location of New Year Mine by Frank Schultz, on January 1, 1885; 2. Deed from Frank Schultz to Bertha Schultz of a one-half interest in the New Year Mine, dated January 7, 1893; and 3. Notice and affidavit of forfeiture of John Haynes for non-performance of assessment work in 1893, the affidavit being made by Bertha Schultz. That is all the evidence produced on the trial to show that Susana Bauer is the owner of a three-eighths interest in the New Year Mine. There is no evidence in the case that plaintiffs are citizens of the United States or have declared their intention to become such. There is no such averment in their complaint. Judgment was rendered that plaintiff Bertha Schultz was the owner of five eighths, and plaintiff Susana Bauer was the owner of three eighths, of the New Year Mine, and that the land in dispute belonged to them. Defendant filed his motion for a new trial, which was overruled, and he has perfected this appeal.

Selim M. Franklin, for Appellant.

J. S. Sniffen, for Appellees.

HAWKINS, J. (after stating the facts).—There are numerous errors assigned, only a few of which we deem it necessary to notice. The object of this suit, it will be seen from the statement of facts, was to adverse Allyn in the obtaining of a patent to the Mohawk mining claim. The complaint does not allege, nor is it proved, that any of the plaintiffs were citizens of the United States or had declared their intention to become such. Defendant claims error in overruling the general demurrer on this account. The complaint prays that plaintiffs' title be quieted, and they (plaintiffs) claim it is not necessary to allege or prove citizenship in such a case. This claim is true in an ordinary action to quiet the title to mining claims between individuals (*Thompson* v. *Spray,* 72 Cal. 528, 14 Pac. 182; *Moritz* v. *Lavelle,* 77 Cal. 12, 18 Pac. 803; *Souter* v. *Maguire,* 78 Cal. 544, 21 Pac. 183), but this is not such a case. The object of this suit (being an adverse) is to quiet the title between these individuals and the United States. It will not do to say that the mere form of the complaint is to govern in this class of cases. Section 2326 of the Revised Statutes of the United States does not provide what form of action shall be brought. It may be ejectment, a suit to try the right to real property under the statute, or an action to quiet the title, or the form ordinarily used in adverse actions. Yet when it appears that the object of the suit is to adverse the party applying for a United States patent, it is necessary to both allege and prove that plaintiffs are citizens of the United States, or have declared their intention to become such. *Lee Doon* v. *Tesh,* 68 Cal. 43, 6 Pac. 97, 8 Pac. 621; *Anthony* v. *Jillson,* 83 Cal. 296, 23 Pac. 419; *Rosenthal* v. *Ives,* 2 Idaho 265, 12 Pac. 904. If the complaint fails to allege citizenship, it is bad on demurrer. The demurrer in this case was general, and, the record shows, was formally submitted to the court below and was overruled. It was not urged by defendant, but an exception was taken. This point should have been called directly to the court below and urged. Where a point is unquestionably well taken on demurrer, counsel should call the attention of the court to the same, so the court should have an opportunity to give it the proper consideration.

The complaint not alleging citizenship of the plaintiffs, and the evidence not proving the same, would warrant a reversal

and new trial; but in examining the entire record we have concluded to consider the whole case. The testimony of Wood, an original locator of the Mohawk mining claim, shows that when this claim was located the southerly end of the Mammoth was made the northerly end-line of the Mohawk, with monuments the same; yet monuments 1 and 3 were shifted long before any rights were acquired under the New Year location, and the location as shown by the diagram was distinctly marked on the ground, and these lines and monuments pointed out by the owners of the New Year to the agent of Allyn; and, Allyn having been induced to purchase the Mohawk by such representations, they (plaintiffs) are estopped from denying the truth of the representations made by them regarding the line between the Mohawk and New Year claims. The rules of law relating to estoppel *in pais* apply to mining ground the same as any other kind of real estate. *Blake* v. *Thorne*, 2 Ariz. 347, 16 Pac. 270. The facts show that Schultz pointed out the monuments of the Mohawk claim to Allyn's agent on the boundary-line between the Mohawk and the New Year claims while Schultz was the owner of the New Year; and afterwards he quitclaimed an interest to Bertha Schultz. She, as a privy in the estate, is bound by the same estoppels as her grantor. 7 Am. & Eng. Ency. of Law, p. 23, and cases cited in notes; Bigelow on Estoppel, pp. 607, 608. "A party is estopped to deny the line between his own and the adjoining land to be the true line, if he has sold and conveyed land up to such line, has pointed it out as the true line, and has induced the defendant to purchase up to such line." Hermann on Estoppel, p. 1270, sec. 1133, and authorities cited. The deraignment of title to the New Year Mine fails to show the title as found by the court. Schultz located the mine on January 1, 1885. He quitclaimed a three-eighths interest to his wife, Bertha Schultz, January 4, 1893, and made affidavit of the forfeiture of John Haynes for non-representation for 1893. No record title is shown in either of the Bauers. No judgment should have been entered in their favor. Rev. Stats. U. S., sec. 2326, as amended March 3, 1881. In this class of cases, each party is to establish his right to the mining ground in controversy against the United States as well as against his adversary. The party filing the contest should allege and prove every step necessary to establish his right to his min-

ing claim that would be required in the land office for a patent, with the exception of advertisement and certificate of surveyor-general as to amount of work required before patent could be obtained. If the proof shows no title, or that all the requirements of the law have not been complied with, he can recover no judgment. Plaintiffs must recover on the strength of their own title, and not on the weakness of that of their adversary. *Gwillim* v. *Donnellan,* 115 U. S. 50, 5 Sup. Ct. Rep. 1110. There was a location by Schultz which on its face seems valid. Then the other plaintiffs must, before a decree is rendered in their favor, show a title in themselves based on such location. The proof is wanting in so far as Susana Bauer is concerned. The complaint does not state facts sufficient to constitute a cause of action in an adverse in not alleging the citizenship of the plaintiffs or their intention to become such. It is nowhere shown in the evidence that plaintiffs are citizens or had declared their intention to become such. It is shown that plaintiffs John and Susana Bauer sold the strip of land in dispute to Allyn as being a part of the Mohawk claim, and they are estopped from claiming the same ground as a part of the New Year or any location, so long as the Mohawk is a valid subsisting claim. The evidence shows that neither of the Bauers ever owned any interest in the New Year claim, and that Frank Schultz represented to Allyn that the monuments of the Mohawk were at the points where defendant claims them to be, and pointed out the boundary-line between the Mohawk and New Year claims to defendant, who purchased relying on the representations of Schultz. He and Bertha Schultz, his privy in interest, are estopped from denying the truth of such representations. The ground in dispute is a part of the Mohawk claim, and was never included in the New Year location. The judgment of the lower court is reversed, with directions to enter judgment for the defendant.

Baker, C. J., and Bethune, J., concur.