The Illinois Central Railroad Company

*v.*

James R. Campbell.

*Opinion filed November 8, 1897—Rehearing denied December 21, 1897.*

1. Railroads—*switchman assumes the risk of injuries caused by unblocked frogs in switches.* A switchman employed by a railroad company assumes as a risk incident to his employment the danger of injury which might result to him by reason of the frogs in the switches of the railroad yards being unblocked.

2. Action—*cause of action defined.* A cause of action for a personal injury suffered by the plaintiff is the act or thing done or omitted to be done by the defendant which causes the injury.

3. Pleading—*when amended count alleges facts constituting a distinct cause of action.* Where an original declaration alleges the negligence of the defendant railroad company in furnishing and maintaining in its switch an unsafe frog, which caused the plaintiff's injury, an amended count which alleges, in addition, that the defendant suffered a pile of cinders to remain near the unsafe frog, over which the plaintiff stumbled, catching his foot in the frog, states a new and distinct cause of action. (Carter, J., dissenting.)

4. Same—*when amended count is obnoxious to plea of Statute of Limitations.* Where the original declaration fails to state a cause of action for personal injury, an amended count stating a good cause of action, but filed more than two years after the cause of action accrued, is obnoxious to the plea of the Statute of Limitations.

Wilkin, J., dissenting.

*Illinois Central Railroad Co.* v. *Campbell*, 58 Ill. App. 275, reversed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. Nathaniel C. Sears, Judge, presiding.

This is an action on the case, brought on April 27, 1892, in the Superior Court of Cook county, by James R. Campbell, the appellee, against the Illinois Central Railroad Company, the appellant, to recover damages for a personal injury suffered by him on May 5, 1891, while in the employ of appellant as a switchman.

The original declaration, which consisted of but a single count, alleged that the plaintiff, while employed by defendant in its freight yards at the foot of Randolph street, in the city of Chicago, and while, with due care and diligence, in discharge of his duty in attempting to couple certain cars in said yards in the night time, caught his right foot in an open and unblocked frog in the railroad track of defendant, and before he could extricate the same from said frog was knocked down and run over by one of the cars of defendant, so injuring his right foot and the first and second fingers of his right hand that, in consequence thereof, the same were afterwards amputated. The negligence charged against the defendant was, that it carelessly and negligently furnished and placed in its said railroad track in said freight yards an unsafe and dangerous frog, that was of old style and dangerous construction and unblocked. On March 8, 1894, the plaintiff amended his declaration by filing an additional count, which charged that the frog was open, and constructed without any blocking or other like means necessary for preventing a person, in walking over the same, from catching his foot therein and being held fast and run over by cars, and that the defendant, carelessly and negligently discharging its duty, wrongfully permitted a certain obstruction, to-wit, a pile of cinders and like material, to be and remain at the junction of its railroad tracks in close proximity to the frog, and that the plaintiff, in the night time, and in the discharge of his duties as switchman, and using due care, etc., stumbled and fell upon the said obstruction, and his foot was there-

by thrown into and caught and held fast in the frog, and he was struck by a car, etc.

A plea of not guilty was filed to the original count, and to the additional count a plea of the general issue and a plea of the two years statute of limitations were interposed. The court sustained a demurrer to the latter plea.

On motion of defendant the court instructed the jury that, under the evidence, the plaintiff was not entitled to recover on the first count of the declaration, holding there was no cause of action therein stated, for the reason that the injury resulting from the unblocked frog was one assumed by plaintiff in his employment. The record shows it was conceded by counsel for appellee the first count of the declaration did not state a cause of action.

At the close of the plaintiff's testimony a motion was made to instruct the jury for the defendant, which was renewed at the close of the entire testimony. Although the trial court held no cause of action was stated in the first count of the declaration, yet on the theory that the second count was not barred by the Statute of Limitations this instruction was refused.

A jury in the trial court returned a verdict in favor of the appellee for $5000, on which judgment was rendered and which judgment has been affirmed by the Appellate Court. From that judgment of affirmance this appeal is prosecuted.

Sidney F. Andrews, (James Fentress, of counsel,) for appellant.

Edward R. Woodle, for appellee.

Mr. Chief Justice Phillips delivered the opinion of the court:

On the trial of this cause in the Superior Court of Cook county, that court, on motion of defendant, instructed the jury that under the evidence in the case the plaintiff was

not entitled to recover under the first count of the declaration. When the plaintiff entered the employ of the defendant company he assumed all the risks incident to such employment, including any danger or injury which might result to him by reason of the frogs in the switches of appellant's yard being unblocked. (*Chicago, Rock Island and Pacific Railroad Co.* v. *Lonergan,* 118 Ill. 41.) The only question to be determined, therefore, on this record is, whether or not the additional count, filed more than two years after the cause of action accrued, was a re-statement of the same cause of action or set forth a new cause.

The Statute of Limitations provides that actions for damages for an injury to the person shall be commenced within two years next after the cause of action accrued. Here the cause of action accrued on May 5, 1891, and the additional count was not filed until March 8, 1894,—nearly three years after the injury. The legal sufficiency of the plea, therefore, depends upon the answer that must be made to the inquiry whether or not the cause of action set up in the new count is the same cause of action originally declared on. The question then is, does the Statute of Limitations apply where the original declaration, instead of insufficiently stating the cause of action, entirely fails to state one.

The statute of this State providing, as it does, that a cause of action for a personal injury accruing to any person shall be commenced within two years next following thereafter, and it being conceded, as in this case, that no such cause of action on which judgment could be rendered was begun or commenced within such period, we hold the rule to be entirely different from those cases in which the cause of action was begun and insufficiently stated, and in which we have held amendments to the declaration or additional counts thereto might be made or filed, so as to sufficiently present the cause of action complained of. Where a declaration fails entirely to set forth a cause of action, and where the negligence of the defendant is not

such as would entitle the plaintiff to recover, and is not sufficient on which to base a judgment for the plaintiff, the Statute of Limitations will interpose, and deny him the right, after the limitation of such statute, to set up and allege new and different grounds, or other and different acts of negligence, on which to base his claim for damages. (*Eylenfeldt* v. *Illinois Steel Co.* 165 Ill. 185.) The cause of action of a plaintiff against a defendant for a personal injury suffered by the plaintiff on account of the negligent act of the defendant may be regarded as the act or thing done, or omitted to be done, by the one by which an injury results to another. *Swift* v. *Madden*, 165 Ill. 41; *Buntin* v. *Chicago, Rock Island and Pacific Railway Co.* 41 Fed. Rep. 744.

The original declaration did not state a cause of action, for the reason that appellee assumed all the dangers incident to his employment, including those to which he might be subjected by reason of the unblocked frogs in the appellant's switch yard. It follows, that any amendment or additional count which set up the same cause as a result of the injuries of appellee would be subject lawfully to the same objection interposed by appellant, and rightfully held by the trial court to not state a cause of action.

If it be true, as stated by appellee in his amended count to the declaration, filed more than two years after his cause of action accrued, that a pile of ashes was permitted by appellant to accumulate near the side of its track, over which appellee stumbled and thus caught his foot in an unblocked frog, we hold such statement to be a separate and distinct cause of action, charging other and different negligence from that alleged in the first count of the declaration, and therefore barred by the Statute of Limitations.

The trial court having held, and we think properly, that no cause of action was stated in the first count of the declaration, and no exception having been made to

the ruling of the court so holding, it necessarily follows that if the additional count, filed after two years, set forth a like and the same cause of action, the same instruction to find for defendant should have been given.

For the reasons indicated in this opinion the judgments of the Appellate Court for the First District and of the Superior Court of Cook county are reversed and the cause remanded.

*Reversed and remanded.*

Mr. Justice Wilkin, dissenting.

Mr. Justice Carter: I do not concur in the opinion of the court in this case. The first count of the declaration alleged the negligence of the defendant in furnishing and keeping in its track in its freight yards an unsafe frog, which was in a defective and dangerous condition. The amended count set up in addition, in apt words, the negligence of the defendant in suffering a pile of ashes or cinders to be and remain near this defective and dangerous frog, over which pile of ashes or cinders the plaintiff stumbled and caught his foot in the frog, and while using due care was injured, etc. The transaction set up in both counts was the same, and I cannot see that the amended count charged a new cause of action. It merely re-stated, with an additional charge of negligence, the same cause of action. Had the plaintiff recovered under the declaration as it originally stood, no one would claim that in a new action and under a declaration the same as the amended count he could recover again. Both causes of action being the same, judgment in one would bar the other. *Texas and Pacific Railway Co.* v. *Cox*, 145 U. S. 593, was a case quite similar to this, yet it was held that the amended count or petition did not state a new cause of action.