WOODY, Appellant, *v.* HINDS et al., Respondents.

(No. 1,840.)

(Submitted March 26, 1904. Decided April 4, 1904.)

*Mining Claims—Action to Determine Adverse Claim—Pleadings—Sufficiency—Amendment.*

1. A complaint under Rev. St. U. S. Sec. 2326, showing possession under claim of title in plaintiff, an application for a patent by defendant, the filing and allowance of an adverse claim in the land office, and that the action was commenced within thirty days after the allowance, is sufficient, whether the action be treated as one under Code of Civil Procedure, Section 1310 or Section 1322. It is not necessary in either case that plaintiff particularly set forth the nature of defendant's claim, but that duty devolves on defendant.

2. Under Rev. St. U. S. Sec. 2326, providing that adverse claimants of mineral land shall, within thirty days after filing their claim, commence proceedings in a competent court to determine the right of possession, an action commenced within the thirty days proceeds to judgment as other actions, and the court, as in other actions, may permit amendments to the complaint so as to make it state a cause of action, even after the thirty days have expired.

3. An allegation in a complaint under Rev. St. U. S. Sec. 2326, providing that adverse claimants of mineral land shall, within thirty days after filing "a claim," sue to determine the right of possession, is not bad for uncertainty or ambiguity, when it states that a "protest" was also filed.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

ACTION by George H. Woody against Thomas R. Hinds and others. From a judgment for defendants, plaintiff appeals. Reversed.

*Mr. M. J. Cavanaugh,* and *Messrs. Forbis & Mattison,* for Appellant.

*Mr. J. E. Healy,* for Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought in pursuance of Section 2326 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 1430], to determine an adverse claim to the Jennie M. quartz lode, situate in Silver Bow county. The adverse claim is asserted by defendants under a location covering the same ground and called the "Rival lode." The original complaint was held insufficient on general demurrer, but leave was granted to file an amended complaint. It is therein alleged that the plaintiff is the owner, in possession and entitled to the possession, of the Jennie M. lode, describing it; that defendants claim an estate

therein, adverse to the plaintiff, by reason of the pretended own-ership of the so-called "Rival lode claim," but that the defend-ants have no right, title or interest therein. It is then further alleged that on  October 2, 1901, the defendants filed, in the United States land office at Helena, their application for a patent to the Rival claim, and caused notice of their application to be published; that within sixty days thereafter the plaintiff filed a "protest and adverse claim" against the said application; that the protest and adverse claim was allowed; and that there-after, and within thirty days, this action was brought to have said adverse claim determined.  To this amended complaint a demurrer was interposed, alleging (1) that it does not state facts sufficient to constitute a cause of action; (2) that the facts stated do not confer jurisdicion to determine any adverse claim of the plaintiff; and (3) that the pleading is uncertain, am-biguous and unintelligible.  The demurrer was sustained. Thereupon, the plaintiff having declined to plead further, judg-ment was entered for defendants.  Plaintiff has appealed.

It is impossible to understand upon what theory the district court held this pleading insufficient.  It appears therefrom that the plaintiff is in possession under claim of title, that the de-fendants had applied for a patent under the Rival location, that an adverse claim had been filed in the land office and allowed, and that the action was commenced within thirty days after such allowance.  This is sufficient to sustain the action.  (*Mat-tingly* v. *Lewisohn,* 8 Mont. 259, 19 Pac. 310; *McKay* v. *Mc-Dougal,* 19 Mont. 488, 48 Pac. 988; *Murray* v. *Polglase,* 23 Mont. 401, 59 Pac. 439; *Hopkins* v. *Butte Copper Co.,* 29 Mont. 395, 74 Pac. 1081.)  This is true, whether the action be regarded as one to quiet title under Section 1310 of the Code of Civil Procedure—which in fact it is—or a special statutory proceeding under Section 1322.  It was suggested in *Mares* v. *Dillon,* 30 Mont. 117, 75 Pac. 963, that the latter section pos-sibly contemplates a special form of action for these cases; whether it does or not need not now be considered, for the rea-son that, if it does, the pleading is sufficient, because it contains

more than would in that case be required.   Upon either theory
the plaintiff is not required to set forth with particularity the
nature of defendants' claim.  ,This duty devolves upon defend-
ants under Section 1310, as is clearly implied by Section 1311.
In an ordinary action under the former, if the defendant does
not appear, or if he enters a disclaimer, he is not even adjudged
to pay costs.   If the action is brought, in pursuance of the
.statute of the United States, to determine who is entitled to the
patent, the requirements of Section 1322 apply.   In that case,
if the defendant does not appear, he must nevertheless be ad-
judged to pay costs, unless he file a relinquishment in the land
office, or disclaim an interest, in writing, within twenty days
after the adverse claim has been filed.   In any event, the pur-
pose of the proceeding is to have defendant's adverse claim de-
termined, and the duty is cast upon him to make discovery of
his claim, in order that the court may properly determine it.
(*Castro* v. *Barry,* 79 Cal. 443, 21 Pac. 946; *People* v. *Center,*
66 Cal. 557, 5 Pac. 263, 6 Pac. 481; *Heeser* v. *Miller,* 77 Cal.
192, 19 Pac. 375; *Rough* v. *Simmons,* 65 Cal. 227, 3 Pac. 804;
*Scorpion Silver Mining Co.* v. *Marsano,* 10 Nev. 380; *Jeffer-
sonville, etc. R. R. Co.* v. *Oyler,* 60 Ind. 392; *Mont. Ore Pur.
Co.* v. *Boston & Mont. C. C. & S. M. Co.,* 27 Mont. 288, 70
Pac. 1114.)

It is said that the court had no jurisdiction of the action be-
cause it is apparent that the amended complaint was filed long
after the expiration of the thirty days from and after the sus-
pension of the proceedings in the land office; in other words,
the court cannot proceed to judgment in such cases unless a
complaint stating a cause of action has been filed within thirty
days after the filing of the adverse claim.   This contention can-
not be sustained.   If the action is brought in time, it proceeds
to effective judgment as other actions, and the court has the
same power to allow amendments to pleadings as in other cases.

The complaint is not open to the objection stated in the last
ground of demurrer.   It is entirely clear from the pleading
what the purpose of the action is, though it is alleged that a

"protest" was filed, with the statement of adverse claim, in the land office.  Whether or not this was done is immaterial, and does not affect the cause of action stated.

The judgment is reversed, and the cause is remanded for further proceedings.

*Reversed and remanded.*