[Civil No. 867.    Filed March 30, 1905.]

[80 Pac. 334.]

# HERMAN D. KEPPLER et al., Plaintiffs and Appellants, v. PAUL BECKER, Defendant and Appellee.

1. MINES AND MINING—APPLICATION FOR PATENT—ADVERSE SUIT—COMPLAINT—SUFFICIENCY—REV. STATS. U. S., SEC. 2326, (U. S. COMP. STATS. 1901, P. 1430,) AND REV. STATS. ARIZ. 1901, PAR. 4105, CONSTRUED.—A suit brought under the provisions of section 2326, *supra*, authorizing the filing of an adverse claim to an application for patent to a mining claim, and providing that an action may be brought in support of such adverse claim, is neither an action at law nor, strictly speaking, one in equity; its form may be either at law, to recover the possession, or in the nature of a suit to quiet title; but in either case the plaintiff must allege the facts which will entitle him to the possession of the ground in controversy against the government as well as against his adversary. Therefore, where a complaint merely alleged in general terms that the plaintiffs were the owners and entitled to the possession of a mining claim, but did not allege the facts entitling them to possession of the claim under the mineral laws of the United States, or that the ground in controversy was mineral subject to location, it is insufficient as an action at law, in that it fails to show title as against the government as well as the adversary, and as a suit to quiet title, in that it failed to set forth the nature and extent of the estate claimed by plaintiffs as required by paragraph 4105, *supra*.

2. SAME—ADVERSE SUIT—LIMITATIONS—AMENDED COMPLAINT—DOES NOT RELATE BACK—REV. STATS. U. S., SEC. 2326, (U. S. COMP. STATS. 1901, P. 1430,) CONSTRUED.—Where the original complaint filed in an adverse suit stated no cause of action, and an amended complaint was filed more than thirty days after the filing of the adverse claim in the land-office, the amended complaint did not relate back to the time of filing the original complaint, and was barred by section 2326, *supra*, which provides that the action to support the adverse claim must be commenced within thirty days from the filing of such claim.

3. LIMITATIONS—COMPUTATION OF TIME—FILING DEFECTIVE COMPLAINT AMENDMENTS—DO NOT RELATE BACK.—Where the original complaint states no cause of action, it will not arrest the running of the statute of limitations, and an amendment made after the bar of the statute is complete must be treated as filed at the time the amendment is made.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Graham. Fletcher M. Doan, Judge. Affirmed.

The facts are stated in the opinion.

Edwards & McFarland, for Appellants.

The court erred in sustaining the demurrer to the amended complaint and dismissing the action.

In the complaint and amended complaint the parties are the same; the same right is sought to be obtained; the same wrong is complained of; the object to be accomplished is the same; and the property in dispute is the same.

In suits of this kind no form of action is provided for by the statute. "An action at law, or a suit in equity would lie, as either might be appropriate under the particular circumstances." *Perego* v. *Dodge,* 163 U. S. 160, 16 Sup. Ct. 971, 41 L. Ed. 113.

The character of the suit depends upon the practice in the state in which the suit is brought. A complaint sufficient in form to support an action to quiet title would be a good complaint in an action where a party was trying to establish his adverse claim. *Mares* v. *Dillon,* 30 Mont. 117, 75 Pac. 963; *Providence G. M. Co.* v. *Burke,* 6 Ariz. 323, 57 Pac. 641; *Jordan* v. *Duke,* 6 Ariz. 55, 53 Pac. 197; *Jordan* v. *Schuerman,* 6 Ariz. 79, 53 Pac. 579; *Deeney* v. *Mineral Creek M. Co.,* 11 N. Mex. 279, 67 Pac. 724.

An amended complaint which does not state a new cause of action or bring in new parties, relates back to the filing of the original complaint, and the statute of limitations ceases to run at the date of the filing of the original complaint. *Union Pacific Ry. Co.* v. *Wyler,* 158 U. S. 285, 15 Sup. Ct. 877, 39 L. Ed. 987; *Motes* v. *Gila Valley etc. Ry. Co.,* 8 Ariz. 50, 68 Pac. 532; *Link* v. *Jarvis,* (Cal.) 33 Pac. 206; *Jones* v. *George,* 66 Tex. 149, 42 Am. Rep. 689; *Woody* v. *Hinds,* 30 Mont. 189, 76 Pac. 1; *Deeney* v. *Mineral Creek M. Co., supra; Bishop* v. *Baisley,* 28 Or. 119, 41 Pac. 936.

Herring & Sorrin, for Appellee.

The requirement of section 2326 of the Revised Statutes of the United States, that proceedings must be commenced within

thirty days, has been termed "a short statute of limitations," but this provision is a special statutory limitation qualifying the particular right created by this statute. The right to bring suit at all in support of an adverse claim is conferred by this section, and this right is conditioned upon the commencement of the suit within thirty days after the filing of the adverse claim in the proper United States land office.

This limitation is a condition qualifying the right of action, and not a mere limitation of the remedy. *Theroux* v. *Northern Pacific R. R. Co.*, 64 Fed. 84, 12 C. C. A. 52.

It is only in cases involving the pure statutes of limitations —the ordinary statutes of limitations—that the rule invoked by appellants, that an amended pleading relates back to the filing of the original, so as to prevent the running of the statute of limitations, is ever upheld.

This action brought by an adverse claimant under section 2326, to defeat the application for a patent for a mining claim, is brought under a special law, and is maintainable solely by its authority. Of the limitation now under consideration, it may be said: "The limitation of time is so incorporated with the remedy given as to make it an integral part of it and the condition precedent to the maintenance of the action at all." *Hill* v. *Supervisors*, 119 N. Y. 344, 23 N. E. 921.

For further authorities recognizing and emphasizing the distinction between ordinary statutes of limitations and those statutes wherein the period allowed for the enforcement of a right is a constituent part of the right, and a condition qualifying it, see *The Harrisburg*, 119 U. S. 199, 7 Sup. Ct. 140, 30 L. Ed. 358; *Savings and Trust Co.* v. *Bear Valley Irr. Co.*, 89 Fed. 32; *Pittsburg etc. Ry. Co.* v. *Hine*, 25 Ohio St. 629; *Bartlett* v. *Manor*, 146 Ind. 621, 45 N. E. 1060; *Lambert* v. *Ensign Mfg. Co.*, 42 W. Va. 813, 26 S. E. 431; *George* v. *C., M. and St. P. R. Co.*, 51 Wis. 603, 8 N. W. 374; *Boyd* v. *Clark*, 8 Fed. 849; *Paulk* v. *Jasper Land Co.*, 116 Ala. 178, 22 South. 495; *Ross* v. *Kansas City S. R. Co.*, 34 Tex. Civ. App. 586, 79 S. W. 626; *Goodwin* v. *Cunningham*, 54 Neb. 11, 74 N. W. 315; *Negabauer* v. *Great Northern Ry. Co.*, 92 Minn. 184, 104 Am. St. Rep. 674, 99 N. W. 620; *Brunswick Terminal Co.* v. *National Bank of Baltimore*, 99 Fed. 635, 40 C. C. A. 22; *Walsh* v. *Mayer*, 111 U. S. 31, 28 L. Ed. 338, 4 Sup. Ct.

260; *Taylor* v. *Cranberry Iron etc. Co.*, 94 N. C. 525; *Pritchard* v. *Norton*, 106 U. S. 124, 1 Sup. Ct. 102, 27 L. Ed. 104; *Bonte* v. *Taylor*, 24 Ohio St. 628; *Parmelee* v. *Savannah etc. Ry.*, 78 Ga. 239, 2 S. E. 686; *Deboth* v. *Rich Hill Coal Min. Co.*, 141 Mo. 497, 42 S. W. 1081; *Foster* v. *St. Luke's Hospital*, 191 Ill. 94, 60 N. E. 803; *Foley* v. *Suburban Ry. Co.*, 98 Ill. App. 108.

It is of interest, however, in view of plaintiff's theory of the case, to note that many courts which recognize the rule applicable to *ordinary* statutes of limitation, that a new cause of action set up by way of amendment cannot relate back to the filing of the original pleading so as to arrest the running of the statute, consistently hold that, where the original complaint states no cause of action, an amended complaint which states a good cause of action necessarily states a new cause of action within the rule just stated, and therefore cannot relate back to the filing of the original so as to arrest the running of the statute. *Eylenfeldt* v. *Illinois Steel Co.*, 165 Ill. 185, 46 N. E. 266; *Missouri K. and T. Ry. Co.* v. *Bagley*, 65 Kan. 188, 69 Pac. 189, 3 L. R. A. (N. S.) 259; *Doyle* v. *City of Sycamore*, 193 Ill. 501, 61 N. E. 1117; *Bricken* v. *Cross*, 163 Mo. 449, 64 S. W. 99; *Lasater* v. *Fant*, (Tex. Civ. App.) 43 S. W. 321.

Statutes such as that here under consideration must be strictly construed. *Sea Grove Bldg. and Loan Assn.* v. *Stockton*, 148 Pa. St. 146, 23 Atl. 1063.

SLOAN, J.—The appellee filed in the United States land-office at Tucson an application for a patent to the Last Chance mine, situate in the Copper Mountain mining district, Graham County, Arizona. On the thirteenth day of January, 1904, the appellants filed their adverse claim in the land-office, based upon a mining location known as the "La Fortuna," covering the same land described and embraced within the boundaries of the said Last Chance claim. On the nineteenth day of February, 1904, the appellants brought an action in the district court of Graham County in support of said adverse claim. The complaint filed by them in this action contained, in substance, these allegations: That the plaintiffs were citizens of the United States, and residents of the territory of Arizona; that they were the owners and entitled to the pos-

session of the La Fortuna mining claim; that the defendant, Becker, had applied for a patent to the Last Chance mining claim, and had caused notice of application thereof to be published; that within the period of said publication plaintiffs had filed an adverse claim with the register and receiver of the United States land-office at Tucson, claiming the land embraced within the boundaries of said Last Chance claim as being the same land included within the boundaries of the La Fortuna mining claim; that the action was brought in support of said adverse claim, and to determine the rights of the parties to the ground covered by their said mining claim. They further alleged that the defendant made claim adverse to their rights in and to the land in dispute by virtue of the La Fortuna mining claim. Their prayer was "for the establishment of their rights, titles, and possession" in and to the lands in dispute, and that the defendant be estopped from having or claiming any right or title to the same adverse to the plaintiffs. The defendant appeared and demurred to the complaint upon the ground that the facts pleaded did not constitute a cause of action. The demurrer was sustained to the complaint by the trial court, and leave granted to amend. Subsequently, but after the expiration of thirty days from the date of the filing of the adverse claim in the land-office, the plaintiffs filed an amended complaint. The defendant demurred to the amended complaint upon the ground that it appeared upon the face thereof that the plaintiffs' cause of action was barred by the statute of limitations, in that the original complaint failed to state a cause of action, and the amended complaint was not filed until more than thirty days after the filing in the land-office of the adverse claim, and not within the time limited by section 2326 of the Revised Statutes of the United States (U. S. Comp. Stats. 1901, p. 1430). The court sustained the demurrer and dismissed the action. From the judgment of dismissal, plaintiffs below have brought this appeal.

This court has held in *Providence Gold Mining Co.* v. *Burke,* 6 Ariz. 323, 57 Pac. 643, that a suit brought under the provisions of section 2326 of the Revised Statutes of the United States, is neither an action at law nor, strictly speaking, one in equity; that it is a statutory proceeding having for its object the guidance of the land officers of the government in

determining the question which, if either, of the contesting parties, is entitled to the patent of the United States. The form of the action may be either at law to recover possession, or one in the nature of a suit to quiet title, but in either case the plaintiff must allege the facts which will entitle him to the possession of the ground in controversy against the government as well as against his adversary. In *Allyn* v. *Schultz,* 5 Ariz. 152, 48 Pac. 960, it was held by this court that "the party filing the contest should allege and prove every step necessary to establish his right to his mining claim that would be required in the land-office for a patent, with the exception of the advertisement, and the certificate of the surveyor-general as to the amount of work required before patent could be obtained." The supreme court of the United States, in *Gwillim* v. *Donnellan,* 115 U. S. 45, 5 Sup. Ct. 1110, 29 L. Ed. 348, held that in an adverse suit the plaintiff, in order to recover, must show that he is an owner of a valid and subsisting location of the land in dispute, superior in right to that of the defendants, and that he must recover on the strength of his own title, and not on the weakness of that of his adversary. In the case of *Allyn* v. *Schultz, supra,* it was held that a complaint which failed to allege the citizenship of the plaintiff was bad on demurrer. In this case the complaint alleged, in general terms, that the plaintiffs were the owners and entitled to the possession of the La Fortuna claim, but did not allege the facts entitling them to the possession of the claim under the mineral laws of the United States, nor did they allege that the ground in controversy was mineral land subject to location. The complaint, if the action had been one to quiet title, and not an adverse suit, was bad, in that it failed to set forth the nature and extent of the estate claimed by plaintiffs. Rev. Stats. Ariz. 1901, par. 4105. The complaint was therefore subject to general demurrer for the reason that it failed to set forth facts sufficient to show that the plaintiffs had the right of possession to the ground in controversy, based upon a valid location under the mineral laws of the United States and of the territory, and were thus entitled to claim patent thereto.

The amended complaint having been filed more than thirty days after the adverse claim was brought in the land-office, it remains to be determined whether such amended complaint related back to the time of the filing of the original complaint,

so as to prevent the running of the statute of limitations. It is a rule of general application that, where the original complaint states no cause of action, it will not arrest the running of the statute of limitations, and an amendment made after the bar of the statute is complete must be treated as filed at the time the amendment is made. *Railroad Co.* v. *Campbell,* 170 Ill. 163, 49 N. E. 314; *Lasater* v. *Fant,* (Tex. Civ. App.) 43 S. W. 321; *M., K. and T. Ry. Co.* v. *Bagley,* 65 Kan. 188, 3 L. R. A. (N. S.) 259, 69 Pac. 189. Counsel for appellants reply upon the case of *Woody* v. *Hinds,* 30 Mont. 189, 76 Pac. 1, as authority to the contrary. It is evident from a reading of that case that the supreme court of Montana hold to the view that a plaintiff in an adverse suit is not required to set forth the facts entitling him to the possession of the ground in controversy, and to a patent based thereon. Nor does the defect in the original complaint, which was held bad upon demurrer, appear in the opinion, and it cannot, therefore, be determined therefrom whether the amended complaint for the first time stated a cause of action. The views of this court as to the nature of an adverse suit differ so widely from that of the supreme court of Montana as to render the case of *Woody* v. *Hinds* of little weight as authority upon this question, even if the precise point we are here considering was decided in that case.

We hold that the action of the trial court in sustaining the general demurrer to the amended complaint upon the ground that it for the first time in the history of the proceeding set forth a cause of action, and, having been filed after the expiration of thirty days from the filing of the adverse in the land-office, was barred by the statute, was correct, and the judgment will therefore be affirmed.

KENT, C. J., and DAVIS, J., concur.