[Civ. No. 2169. Fourth Appellate District.—November 8, 1939.]

HARRY M. HESS, Respondent, v. H. F. MOODEY, Appellant.

Lester V. Peterman for Appellant.

Duckworth, Harrison & Mussell for Respondent.

BARNARD, P. J.—This is an appeal from a judgment in favor of the plaintiff in an action to quiet title to certain mining claims.

Evidence was introduced showing the following facts: On July 1, 1922, one Charles S. Gross filed a location notice describing the land in question with reference to certain other claims and monuments on the ground. The required work upon the claims was performed. Gross was in possession until 1925. One Harry A. Reese obtained from Gross a deed to an undivided one-half interest in the claim. He also procured a quitclaim deed from the divorced wife of Gross. As joint owner, he was in possession until 1928, and thereafter was in charge of the property for Dale Consolidated Mines, a corporation. On February 17, 1928, Gross and Reese executed a trust deed on the property to secure a note for $16,000. Later in 1928, Gross deeded his interest in the claims to Reese who deeded them to the Dale Consolidated Mines, which corporation remained in possession until the plaintiff in this action took possession after a foreclosure and sale under the above-mentioned trust deed. A sale was had under this trust deed and the property was purchased by Esther Wright and a trustee's deed executed to her on October 21, 1932. The plaintiff here took possession of the property for Esther Wright after the foreclosure and then acquired the property from her by deed dated April 19, 1934. He remained in possession, through his son and his tenants until January, 1937.

In the meantime, on May 21, 1932, the Dale Consolidated Mines brought an action against Harry M. Hess, Esther Wright and the trustee named in the trust deed, claiming to be entitled to an extension of the trust deed indebtedness under a certain contract between it and Harry M. Hess.

Hess answered, Reese intervened, and Esther Wright later set up her title under the foreclosure sale and asked that her title be quieted against the plaintiff. A judgment was entered on May 24, 1933, decreeing that Esther Wright was the owner of the claims in question. Thereafter she deeded to the plaintiff in this action. Between 1925 and 1931, approximately $96,000 was spent in developing this property, including, among other things, the sinking of shafts to a depth of 360 feet, and the erection of a cyanide plant, a water plant and a mill.

The defendant herein appeared in the picture in 1931. On March 31st of that year he went on the property and filed location notices in which the starting points, lines, distances, and even the names used, are identical with the Gross locations of 1922. He was a real estate agent in Los Angeles and went directly to the property for the purpose of locating it. He testified that he found a map of the property in one of the buildings thereon and that he followed this map in making his purported location and that he was able to locate the boundaries therefrom. He also testified that he did some assessment work in May of that year. On May 4, 1932, he brought an action to quiet title to this property, naming Dale Consolidated Mines and Charles S. Gross as defendants. In that action the court found that the claims were not located by him on March 31, 1931, or at any other time, that the Dale Consolidated Mines was in possession on that date and prior thereto, that the claims were not then open to location, that he knew of the prior location, that his attempted relocation was void, and that he had no interest in the property. This judgment was signed on January 30, 1935, and upon appeal was affirmed on February 10, 1936, by the Circuit Court of Appeals. (*Moodey* v. *Dale Consolidated Mines,* 81 Fed. (2d) 794.)

On February 2, 1937, Moodey applied for a United States patent covering these claims. The plaintiff herein filed an adverse claim and thereafter brought this action pursuant to section 2326 of the Revised Statutes of the United States. (U. S. C. A., title 30, sec. 30.) The court found in all respects in favor of the plaintiff and this appeal followed.

While it has been heretofore judicially determined that the appellant has no interest in this property he prosecutes this appeal under the established rule that a plaintiff in a quiet

title action must prevail upon the strength of his own title and not upon any lack of title in the defendant. He earnestly contends that the evidence and findings are not sufficient to sustain the judgment, and relies upon errors in connection with the admission of evidence.

 It is first contended that the location notices filed by Gross in 1922 were filed about two hours too early, during which two hours a prior locator had a right to file proof of labor for the preceding year, and that the location notices contained an insufficient description of the property. The location notices filed by Gross in 1922, stated that the property was bounded by five other mining claims and referred to certain monuments. The location notice filed by the appellant in 1931 uses the same description and he testified that he "reconstructed" the monuments. In *Moodey* v. *Dale Consolidated Mines, supra,* the court pointed out that this appellant had in that case attacked the proof of labor performed for the year ending July 1, 1930, that he thereby admitted knowledge of the prior location, that this obviated the necessity for proof of such a prior location, and that he was confined to proof of an abandonment. The same situation exists here where the appellant claimed and is now claiming that no assessment work was performed by the respondent's predecessors between July 1, 1929, and July 1, 1930. The court found, upon sufficient evidence, that such work was performed and the appellant is in no position to attack the original location. With respect to that original location it appears that the claims were owned many years preceding 1922 by the respondent's mother-in-law. While she had an additional two hours in which to file proof of work for that year, such proof was never filed and through all these years she has never contested respondent's claim. Moreover, section 38, chapter 2, title 30, U. S. C. A (sec. 2332, U. S. R. S.) provides that where a person has held and worked a claim for a period equal to the time prescribed by the statute of limitations for mining claims of the state where the property is situated, evidence of such possession and working shall be sufficient to establish a right to a patent thereto in the absence of any adverse claim. The adverse claim referred to obviously means one arising during the period of time in question and before the prescribed time has elapsed. Under the circumstances here shown, the ap-

pellant was precluded from attacking the sufficiency of the original location. (*Lind* v. *Baker*, 31 Cal. App. (2d) 631 [88 Pac. (2d) 777], and cases there cited.

It is next contended that a finding that the appellant ousted and ejected respondent from the claims is unsupported. There is evidence that mining operations had been carried on on the property under some sort of leasing agreement which the respondent had made with a third party, that on the night of January 23, 1937, respondent and another man attempted to go upon the property, that they were met by an agent of the appellant who was armed with a gun and who threatened to kill them if they took another step forward, and that they retreated. Further comment is unnecessary.

The next contention is that the appellant made a valid location on March 31, 1931. This fact was judicially determined against him in the previous action of *Moodey* v. *Dale Consolidated Mines, supra.* Moreover, the evidence in this case very conclusively shows that the property was then not open for location. (*Lind* v. *Baker, supra; McLean* v. *Ladewig,* 2 Cal. App. (2d) 21 [37 Pac. (2d) 502]; *Dalton* v. *Clark,* 129 Cal. App. 136 [18 Pac. (2d) 752].)

It is next argued that a complaint alleging a cause of action was not filed within thirty days, as required by section 2326 of the Revised Statutes of the United States. A complaint in this action was filed within that time but the appellant demurred to it on the ground that it did not state that the respondent was a citizen of the United States. An amended complaint alleging such citizenship was filed but after the expiration of the thirty days in question. The appellant relies upon certain old cases, including *Keppler* v. *Becker,* 9 Ariz. 234 [80 Pac. 334], in which it was held that an amended complaint filed after the expiration of thirty days did not relate back to the time of filing the original complaint but was filed too late. The decision in that case was overruled in the case of *Mitchell* v. *Vulture Min. & Mill. Co.,* 47 Ariz. 249 [55 Pac. (2d) 636], where the court said: "But to uphold the position that this amendment constitutes a new cause af action, instead of applying this rule, would take us back to the narrow, harsh construction of the term, cause of action, announced many years ago, in the case of *Keppler* v. *Becker,* 9 Ariz. 234 [80 Pac. 334], but which

was held erroneous and modified six years later in *Boudreaux* v. *Tucson Gas etc. Co.*, 13 Ariz. 361 [114 Pac. 547, 33 L. R. A. (N. S.) 196]." Amendments to pleadings are favored under our law except where an entirely different cause of action is attempted to be thus introduced and much is left to the sound discretion of the trial court. In *Bryant* v. *Wellbanks*, 88 Cal. App. 144 [263 Pac. 332], in speaking of amendments which do not change the cause of action the court quotes from *Doolittle* v. *McConnell*, 178 Cal. 697 [174 Pac. 305]: "Amendments of that character, so long as the identity of the matter upon which the action is founded is preserved, are admissible. So long as the form of action is not changed, and the court can see that the identity of the cause of action is preserved, the particular allegations of the declaration may be changed, and others superadded, in order to cure imperfections and mistakes in the manner of stating plaintiff's case." It clearly appears that the cause of action was in no way changed by the amendment in question, and the action was filed within the required time.

█ The next point is that the evidence does not show title in the respondent by adverse possession and that the finding to that effect is not legally sufficient. The evidence shows continued and uninterrupted possession of the plaintiff and his predecessors from 1922 until long after the appellant's purported relocation of the claim, and in fact up to 1937. There is even evidence that one or more agents of a tenant of respondent were upon the property at the very time the appellant claimed to have gone upon it and located the claim. █ The court found that the respondent and his predecessors had held and worked the claims in question for a period of more than five years continuously prior to the time of filing the complaint in this action, and had been in possession of said claims for five years continuously and for the requisite period of time to obtain title by adverse possession. The appellant contends that the finding omits to state that such possession was open and notorious. There was, however, an abundance of evidence to that effect. In *Richert* v. *City of San Diego*, 109 Cal. App. 548 [293 Pac. 673], it is said: "The court's findings follow the language of the complaint and find the ultimate fact of ownership in the plaintiff. This is sufficient, no finding of the several elements necessary to make the possession ad-

verse being necessary." ▮ It is further argued that the respondent relied upon proof of his chain of title, that the court not only found in his favor on that issue but also found that there had been an adverse possession, and that these findings are inconsistent. In *H. & J. Mabury Co.* v. *Bryant,* 9 Cal. (2d) 586 [71 Pac. (2d) 1111], the court said: "There is no inconsistency, as claimed by appellant, between the finding of good record title and the finding of good title by adverse possession. Taken together these findings declare a complete interest in the property, whether deraigned from record title or from adverse possession, to be in plaintiff."

▮ It is next contended that the judgment in the case of *Moodey* v. *Dale Consolidated Mines, supra,* is not a bar to the appellant's claim as found by the trial court. It was found, in that case, that this appellant's claim of location of this property was void as the property was not then open for location. Dale Consolidated Mines had by deed acquired the rights of Gross, and had also claimed a right by contract with the respondent here to have the foreclosure under the trust deed postponed. Its rights were ended by the action it brought against this respondent, among other defendants, and by the foreclosure sale under the trust deed. All of its interest passed to the respondent here, it was one of his predecessors although its right passed by foreclosure rather than by voluntary deed, and we think there was sufficient privity between the respondent and Dale Consolidated Mines to make applicable the usual rule that a judgment determining the existence of a particular fact is conclusive upon the parties or their privies whenever the existence of that fact again becomes an issue between them in the same or a different matter in the same or another court. (*Estate of Clark,* 190 Cal. 354 [212 Pac. 622]; *Martin* v. *Holm,* 197 Cal. 733 [242 Pac. 718].) However, the point is not of much importance here as the evidence justifies the other findings which lead to the same result.

It is next urged that the court erred in reserving its rulings upon objections to the admission into evidence of the findings of fact and judgment in the case of *Moodey* v. *Dale Consolidated Mines, supra,* the judgment in the case between Dale Consolidated Mines and this respondent, Esther Wright and the trustee named in the trust deed, and the trustee's deed

after foreclosure. We do not understand the contention with respect to the two judgments, as the record shows that in both cases the objections were overruled and the judgments were admitted and the ruling was not reserved. ▮▮▮ A different situation appears with respect to the admission of the trustee's deed. In that regard it appears that an objection was made to the admission of this deed and a ruling was reserved. At the conclusion of the respondent's case counsel for appellant stated that he assumed that that reservation was still in force, that he did not waive his objections by failing to renew them at that time, that he did not waive his right to move for a nonsuit, and he suggested "that both the matters on the motions to strike the testimony and to strike the documentary evidence and the motion for a nonsuit are to be reserved for further consideration". The court acquiesced and opposing counsel agreed to the suggestions of the counsel for appellant that "if they are argued they will be deemed to have been argued at the conclusion of the plaintiff's case". The record shows that both parties rested on October 29, 1937, without anything further being done in this matter. Attached to the clerk's transcript, but not authenticated as a part of the record, appears a copy of a notice of motion to strike certain exhibits, including the trustee's deed, which notice was filed on November 22, 1937. It nowhere appears that such a motion was actually made or in any way called to the attention of the court.

It has been frequently observed that the practice of reserving rulings on the admission of evidence and closing the case without the rulings having been made is one not to be commended. In very few cases, however, has it been held that sufficient prejudicial error appeared to justify a reversal. In the instant case appellant's counsel, in effect, consented to the matter going over upon the understanding that if he desired to move for a nonsuit or to make a motion to strike, such motions would be considered to have been made as at the conclusion of the respondent's case. It does not appear that such motions were later made, and it is quite clear that all parties treated the documents as having been admitted in evidence. Moreover, in *Clopton* v. *Clopton*, 162 Cal. 27 [121 Pac. 720], the court in effect held that where the objections to the evidence should have been overruled no prejudice re-

sulted. That rule should be applied here. (*Van Haaren* v. *Whitmore*, 2 Cal. App. (2d) 632 [38 Pac. (2d) 829].)

▪ The last point raised is that the court erred in admitting into evidence the trustee's deed to which we have referred, the findings and judgment in *Moodey* v. *Dale Consolidated Mines, supra,* the deed from Esther Wright to this respondent, and the judgment roll in the case of *Dale Consolidated Mines* v. *Hess and Wright et al.* These documents were all material to respondent's chain of title and to the issues on trial, and they were properly admitted into evidence.

We find no reversible error in the record and the judgment is affirmed.

Marks, J., and Griffin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 8, 1939, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 4, 1940.